Merrells *v.* Phelps.

———◆◆———

MERLIN MERRELLS, JUDGE OF PROBATE, *vs.* ELIHU PHELPS AND ANOTHER.

<table>
<tr><td>34</td><td>109</td></tr>
<tr><td>73</td><td>442</td></tr>
</table>

A guardian gave bond with surety to the judge of probate for the faithful discharge of his duties and to render a true account of his guardianship. The bond was given in substitution for a former bond with a different surety. Held that the new bond covered moneys received by the guardian before it was given and while the old bond was in force.

The guardian was removed by the court of probate, but an appeal was taken from the decree removing him. Held that the appeal did not vacate the decree, and that the guardian ceased to be such immediately on the decree being passed; and that consequently moneys received by him as guardian after the decree were not covered by the bond.

Held also that the surety was not estopped from denying his liability by reason of the fact that he knew that his principal was about to receive the money, claiming to be guardian, and did not give notice to the parties interested.

DEBT, on a guardian bond given to a judge of probate by the defendant Elihu Phelps as principal and the defendant Harvey Holcomb as surety, for the faithful discharge by the said Phelps of the office of guardian of one Mary Ann Belden, a minor, and for the rendering of a true account of his guardianship. The case was brought to the superior court in Litchfield county. The defendants pleaded performance generally, to which the plaintiff replied assigning breaches. The case was referred to an auditor, by whom the following facts were found.

The defendant Phelps was appointed by the court of probate guardian of the person and estate of the minor on the 16th day of February 1860, she then being sixteen years of

age, and accepted the trust and gave bond with surety to the acceptance of the court. On the 27th day of October 1860 the surety moved to be released from the bond and the court ordered new bond to be given, and on the 29th of October 1860 the bond now in suit was given, and was accepted by the court. In March 1860, while Phelps was guardian and before the present bond was given, he sold a cow belonging to the minor for $40. On the 24th of November 1860 the court of probate passed a decree removing Phelps from the guardianship. From this decree he took an appeal to the superior court, which was entered in that court, but withdrawn in September 1861. No successor was appointed. In May 1863 Phelps, professing to be guardian, received $100 which was due to his former ward from the estate of Amos Belden. The defendant Holcomb knew at the time that Phelps was about to receive the money under pretence of being guardian, but did not interfere or give notice to the minor. Phelps had rendered no account to the court of probate of the $40 received by him in 1860, nor of the $100 received in 1863, nor had the court called on him to account. After the minor became of age in 1864 she made demand upon him for both sums, but he has never paid over to her these sums, or either of them, or rendered her any account of them.

The defendants claimed that they were not liable on the bond for either of the sums, and the auditor found for the plaintiff as to both, if in the opinion of the court the defendants were liable on the bond upon the facts found ; otherwise for the defendants. The superior court reserved the case, upon the facts found, for the advice of this court.

*Hitchcock* for the plaintiff.

1. The defendants object to paying the $40, because the guardian received the money *before* the execution of the bond. This is true, but the ground upon which the plaintiff claims to recover is not his *receiving* it, but his refusing to render to the ward or to the court of probate *any account* of the money. This refusal to account was *since* the execution of the bond.

2. The defendants object to a recovery of the $100, because the defendant Phelps had been removed from his guardianship before he received the same. But he appealed from the decree of the court of probate to the superior court, where the appeal was continued two terms of the court, and then withdrawn by him. The appeal taken and allowed, vacated the decree of the court of probate. *Curtiss* v. *Beardsley*, 15 Conn., 518; *Campbell* v. *Howard*, 5 Mass., 376. Phelps therefore remained guardian during the minority of the ward, no further action in the matter having been taken.

3. But if this is not so, still, Phelps, having received this as guardian, is estopped to deny his guardianship. And the defendant Holcomb is also estopped to deny the guardianship of Phelps, as he knew that he was about to collect the money, and tacitly concurred in it.

*Goodwin*, for the defendants.

1. The defendant Phelps is not liable in this action for any property that came into his hands after he was removed from the guardianship. As regards the $40, he may be liable under the first bond executed. That transaction was long before the second bond was given. As regards the $100, that was received after he was removed from the guardianship. The decree removing him was not vacated by the appeal, and he therefore ceased to be guardian when the order of removal was made.

2. The surety is not liable upon the probate bond in this case, because none of the property claimed came into the hands of Phelps, the guardian, after the surety signed the bond and while Phelps remained guardian. Theobald on Prin. & Surety, 44.

McCURDY, J. On the 29th day of October, A. D. 1860, the defendants, Phelps as principal, and Holcomb as surety, gave a bond to the court of probate, the condition of which was that the said Phelps, who had been appointed guardian of Mary Ann Belden, a minor, should well, truly and faithfully execute and discharge his office as guardian and render a

true account to the judge or his successor if required, or to his ward when arrived at full age. This duty includes of course not merely a statement of receipts and disbursements but a payment to her of any balance which might be due on the settlement.

He had at that time in his hands belonging to her the amount of forty dollars which he had received some time previously. For this sum he has never accounted to the court of probate, nor to her, nor has he paid any part of it to her although he was requested so to do by her after she became of full age.

Here then is an admitted breach of his duty and his bond by the guardian; but the surety denies his liability for the reason that the money had come into the possession of the guardian before the execution of the bond. This defence is very clearly untenable, as the obligation was that the guardian should at a subsequent time account for the money of his ward, and it is perfectly immaterial whether he then held it or received it afterwards.

In relation to the other item of the plaintiff's claim there exists a more serious, indeed, as we think, a fatal objection. When Phelps received this money he had legally ceased to be guardian and Holcomb had therefore ceased to be surety. He had been in due form of law turned out of the office of guardian by the court of probate. It is true that there was an appeal to the superior court from the decree of the court of probate, but it was not prosecuted and the decree was not reversed.

The plaintiff wholly mistakes the effect of such an appeal not pursued in the superior court. In the case of *Curtiss* v. *Beardsley*, 15 Conn., 518, the court held that an appeal from the decision of a justice of the peace vacated the judgment. But Judge Hinman in giving the opinion says,—"The practice is entirely different in appeals from probate. The statutes relating to appeals from that court are different. It is only the order, sentence, denial, decree or judgment of the court of probate in the settlement of an estate that may be appealed from, whereas in suits before justices of the peace and in the

county courts which are appealable, it is the cause itself and not some order or denial or decree in the cause that may be appealed from."

It is finally urged by the plaintiff that Phelps having received the one hundred dollars in his character of guardian, and Holcomb having been cognizant of the fact, they are estopped from denying that he was guardian indeed. However it might be with Phelps, we think the principle of estoppel is hardly applicable to Holcomb. It does not appear that he did or said any thing intended or calculated to deceive or mislead, or to induce any one to change his position, and the displacement of the guardian having been a judicial proceeding by a public tribunal, we cannot think it was incumbent on Holcomb to seek out the plaintiff and communicate to him a fact of which the record of the court gave notice to the world.

The judgment should be for forty dollars and the interest

In this opinion the other judges concurred.