WILLIAM W. FITZHUGH, JR., ET AL. *v.* JEAN R. FITZ-
HUGH, CONSERVATRIX (ESTATE OF WILLIAM
W. FITZHUGH, SR.)

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued January 2—decided January 30, 1968

*Robert W. Worley, Jr.,* with whom, on the brief,
was *John F. Spindler,* for the appellant (named
plaintiff).

*Louise H. Hunt,* with whom, on the brief, was
*Irving S. Ribicoff,* for the appellee (defendant).

PER CURIAM. The record reveals these facts: On
July 24, 1961, the Probate Court for the district of
Stamford appointed Jean R. Fitzhugh as conserva-
trix of the estate of her husband, William W. Fitz-
hugh, Sr. On August 4, 1964, the court rendered a
decree accepting her account as conservatrix from
July 24, 1961, to and including December 31, 1963.
From this decree, the named plaintiff moved for an
appeal to the Superior Court, alleging that he was
aggrieved by the decree in that "[h]e is the only
child of the . . . incapable person and is an interested
party to any proceedings in connection with the

estate of said incapable." The Probate Court allowed the appeal. While the appeal was pending in the Superior Court, Fitzhugh, Sr., died. The Fairfield County Trust Company was named as the temporary administrator of his estate and was permitted to intervene in the appeal as a coplaintiff. On March 8, 1967, the Probate Court admitted the will of Fitzhugh, Sr., which named the Chase Manhattan Bank as executor. The executor was not made a party to the appeal in the Superior Court.

In the Superior Court, the defendant moved that the appeal be erased for want of jurisdiction, in that the named plaintiff, hereinafter referred to as the plaintiff, was not an aggrieved person within the meaning of § 45-288 of the General Statutes and in that the Fairfield County Trust Company, acting as the temporary administrator, had no power to intervene. The court granted the motion and rendered judgment erasing the appeal on the ground that the motion for appeal did not contain supporting allegations setting out the manner in which the plaintiff was adversely affected by the decree of the Probate Court. From that judgment, the plaintiff has appealed to us. The Fairfield County Trust Company has not appealed, and for this reason we need not consider whether the court acted properly in erasing the appeal as to it.

In taking the appeal pursuant to §§ 45-288 and 45-293 of the General Statutes, the plaintiff, to avoid the erasure of his appeal, should have alleged in his motion for appeal the manner in which he was adversely affected by the decree of the Probate Court. *Maloney* v. *Taplin*, 154 Conn. 247, 249–51, 224 A.2d 731. The mere statement that he was aggrieved without supporting factual allegations as to the particular nature of his aggrievement

was insufficient. *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79. The allegation in his motion for appeal that he is the only child of the incapable person does not bestow on him a real interest in the matter in controversy. *Maloney* v. *Taplin,* supra, 251.

The plaintiff, in his brief, claims that his appeal should not be construed as an appeal in his individual capacity but as an appeal in a representative capacity as either a "de facto guardian or next friend." This claim is without merit. Nowhere in his motion for appeal does he indicate that he was proceeding in a capacity other than on behalf of himself. Also, there is nothing in the order of the Probate Court allowing his appeal which can be construed as a recognition by that court that the plaintiff was acting in a representative capacity.

We note that the record does indicate that the plaintiff was present at the hearing on the account of the conservatrix. He could therefore have requested the appointment of a guardian ad litem to represent his father pursuant to § 45-54 of the General Statutes. The record does not disclose his reason for not making such a request.

There is no error.