## APPEAL OF HELEN M. STEVENS FROM PROBATE

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 4—decided February 26, 1969

*Sidney Vogel,* for the plaintiff.

*J. Richard Fay,* for the defendant.

ALCORN, J. The facts in this case are not in dispute. Thomas R. Stevens is the father and Helen M. Stevens is the mother of Thomas R. Stevens, Jr., who was born on January 10, 1961. As such, they became, by law, the joint guardians of the person of the child. General Statutes § 45-43. On June 25, 1962, Thomas Stevens was granted a divorce from Helen Stevens on the ground of intolerable cruelty, and the custody of their son was awarded to the father. On June 12, 1963, the father applied to the Probate Court for the district of Norwalk for the mother's removal as a joint guardian of the person of their son on the ground that the mother was an unfit person. After due notice and hearing, the Probate Court, on November 22, 1963, found that the mother, Helen M. Stevens, was an unfit person to have charge of the child and ordered her removed as a guardian of his person. On December 17, 1963, she appealed to the Superior Court from the removal order, and the appeal was duly allowed by the Probate Court on January 2, 1964.

The reasons of appeal filed by the plaintiff in the Superior Court attacked the action of the Probate Court in finding that she was an unfit person to have charge of the child, in finding that she should be removed as a guardian and in ordering her removal. Issue was joined on these reasons of appeal by a denial filed by Thomas Stevens on March 18, 1964.

The appeal came on for hearing in the Superior Court more than four years later, on April 17, 1968. At the outset of the hearing, counsel for Helen M. Stevens stated his intention to make an offer of evidence as to what her character, behavior and fitness to be a guardian of her son had been during the period between November 22, 1963, the date of the probate order appealed from, and April 17, 1968,

the date of the trial in the Superior Court on the appeal from that order. The defendant, Thomas Stevens, opposed the offer on the ground that it was beyond the scope of the appeal, and the parties agreed that a ruling on that issue would be decisive of the appeal. Instead of making a ruling, the trial court proceeded no further with the hearing on the appeal.

Had the court ruled on the proposed offer of evidence, the question which we find to be conclusive of the case now presented to us could have been raised and decided on a direct appeal by either party who claimed to be injured by the ruling. Instead of pursuing that obviously normal procedure, we were told by counsel in argument that the trial court suggested a reservation for the advice of this court. Practice Book § 738. The parties thereupon stipulated the facts which we have recited, and the court reserved, for our advice, the five questions stated in the footnote.[1]

As will appear from what is said hereinafter, three of the questions propounded seek to import questions of law entirely foreign to the single issue encompassed in the appeal which was before the trial court, namely, a review of the order of the Probate Court removing the plaintiff as guardian. No question of the power of the Probate Court to

---

[1] "The questions upon which advice is desired are as follows:

"A. Upon an appeal from probate, after the removal of one natural guardian by a Court of Probate, is the Superior Court limited in its reception of evidence to the date of the Probate Court decree, by which the appellant alleges she is aggrieved, or to the date of hearing in the Superior Court?

"B. Does the Probate Court, originally passing on a petition for the removal of natural guardian, have jurisdiction, one natural parent surviving, to reinstate guardianship in the removed parent, or is all jurisdiction to modify, revoke, or change its decree lost upon its passage?

reinstate the guardian, once she had been removed, was involved in the appeal. Nor was the attempted statement of a jurisdictional question in the Superior Court any part of the appeal.

We disapprove of the procedure devised by the trial court of transmuting an appeal from probate into a reservation seeking to transfer to this court the determination of the question as to the admissibility of evidence which confronted the trial court. Moreover, the reservation itself is defective. Before any question could properly be reserved by the trial court, the stipulation of counsel must state with particularity the grounds for the allegation that the present determination of the question by this court would be in the interest of simplicity, directness and economy in judicial action. Practice Book § 739. The present stipulation lacks any such particular statement.

We shall, however, overlook the irregularities in this instance because of the circumstances and issue involved. We have repeatedly said that declaratory judgment procedures should not be used in these days of crowded dockets to usurp the time of the court unnecessarily. *Hartford Accident & Indemnity Co.* v. *Williamson,* 153 Conn. 345, 349, 216 A.2d 635; *Lipson* v. *Bennett,* 148 Conn. 385, 390, 171 A.2d 83;

"C. Is the jurisdiction of the Superior Court in an appeal from probate based upon removal of a natural parent as guardian limited to the review of the removal decree, or may it reinstate the removed parent or modify the decree as though it were itself the acting original Court of Probate?

"D. Is the issue of the fitness of the removed guardian to be determined as of the time of the Probate decree or as of the time of the trial in the Superior Court on the appeal from Probate?

"E. Has the Probate Court power upon a new petition made to it by the previously removed parent and natural guardian to reinstate the guardianship in the removed parent, assuming no rights in third persons and the fitness of the removed guardian?"

*Sturtevant* v. *Sturtevant,* 146 Conn. 644, 650, 153 A.2d 828. The same admonition is applicable to the reservation procedure adopted in the present case.

Counsel for the plaintiff argues that, while it may be taken for granted that the Probate Court was justified in removing the plaintiff as guardian, the circumstances have changed for the better in the years since the date of that order, and that evidence of the plaintiff's qualifications to act as a guardian of the person of her son at the time of the Superior Court hearing on the appeal should be considered. That being the plaintiff's position, if we were to refuse to entertain the case presented on the record before us, as we properly could do, the time-consuming result would be a remand to the Superior Court, a trial in which the correctness of the order of the Probate Court as of the time it was made would not be seriously disputed, an effort to introduce evidence of the plaintiff's subsequent character and fitness as a guardian, and a probable appeal from the trial court's ruling either admitting or excluding that evidence. Finally, the propriety of considering such evidence on the appeal from probate is, as we shall see, the only issue pertinent to the present record. Our willingness to consider the issue in order to put an end to an otherwise time and effort consuming process is not to be relied upon, however, as a precedent in future cases.

The appeal taken by the plaintiff from the order and decree of the Probate Court was purely statutory. General Statutes § 45-288; *Sacksell* v. *Barrett,* 132 Conn. 139, 146, 43 A.2d 79. The appeal brought before the Superior Court for review only the order appealed from. *Hotchkiss' Appeal,* 89 Conn. 420, 432, 95 A. 26; 1 Locke & Kohn, Conn. Probate Practice § 186, p. 382. It did not vacate the order, and

that order remained untouched until modified by a judgment in the Superior Court. *Avery's Appeal,* 117 Conn. 201, 205, 167 A. 544; *Merrells* v. *Phelps,* 34 Conn. 109, 112; *Curtiss* v. *Beardsley,* 15 Conn. 518, 523; *Bryan* v. *Hinman,* 5 Day 211, 217. It carried the subject matter embraced in it to the Superior Court, sitting as a Probate Court, for a trial de novo. *Beach's Appeal,* 76 Conn. 118, 121, 55 A. 596; *Davis' Appeal,* 39 Conn. 395, 401. The primary jurisdiction over the removal of the plaintiff as a guardian of the person of her son rested with the Probate Court. General Statutes § 45-43; 1 Locke & Kohn, Conn. Probate Practice § 79, p. 148. While the Superior Court could, on appeal, review the order of the Probate Court, it could not exercise any greater powers than the Probate Court. *Reiley* v. *Healey,* 122 Conn. 64, 79, 187 A. 661; *Dunham* v. *Dunham,* 97 Conn. 440, 443, 117 A. 504. And the issues presented for review were those defined in the reasons of appeal. *Berkeley* v. *Berkeley,* 152 Conn. 398, 402, 207 A.2d 579; *Boschen* v. *Second National Bank,* 130 Conn. 501, 504, 35 A.2d 849; *Williamson's Appeal,* 123 Conn. 424, 427, 196 A. 770. Those, as already stated, attacked the findings and order of the Probate Court made on November 22, 1963.

On the appeal, the Superior Court could, in a trial de novo, have received any evidence on matters covered by the reasons of appeal which would have been relevant and material in the hearing in the Probate Court. *Vivian's Appeal,* 74 Conn. 257, 259, 50 A. 797; *Sellew's Appeal,* 36 Conn. 186, 195. It could not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. See *Wildman's Appeal,* 111 Conn. 683, 686, 151 A. 265; *Coit's Appeal,* 68 Conn. 184, 186, 35 A. 1124.

The appeal taken by the plaintiff from the order of the Probate Court was clearly within her right. *Weisne's Appeal,* 39 Conn. 537, 538; see also *Adams' Appeal,* 38 Conn. 304, 307. Both in subject matter and by limitation in the reasons of appeal it presented to the Superior Court for review the correctness of the ruling of the Probate Court under the circumstances as they existed when the order appealed from was made. The Superior Court could properly hear and consider any evidence relating to the reasons of appeal which would have been relevant and material at the hearing in the Probate Court. It could not, however, properly review the action of the Probate Court by a consideration of circumstances which had arisen thereafter. Thus, the proffered evidence of matters not in existence at the date of the hearing in the Probate Court was inadmissible.

To the foregoing extent we answer the dual question A propounded in the reservation. Counsel concedes that the dual question D is but a rephrasing of question A. Questions B, C and E involve issues entirely foreign to the appeal from which the reservation stems, and consequently we do not answer them.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.