JOHN R. GRAHAM, JR. *v.* ESTATE OF
EDWINA C. GRAHAM
(2394)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued January 31—decision released July 3, 1984

*Frederick W. Odell,* for the appellant (plaintiff).

*Francis V. Manion,* for the appellee (defendant).

PER CURIAM. From the decree of the Probate Court for the district of Hartford approving the final account of the conservator of the estate of Edwina C. Graham, the plaintiff, John R. Graham, Jr., appealed to the Superior Court in the judicial district of Hartford-New Britain at Hartford.

These facts are undisputed. The plaintiff is the son of Edwina C. Graham. On April 17, 1980, upon the application of the plaintiff to the Probate Court for the district of Hartford, United Bank & Trust Company

was appointed conservator of the estate of Edwina C. Graham on the ground that Edwina C. Graham was incapable of managing her affairs by reason of "mental illness due to chronic use of drugs."

Thereafter, Edwina C. Graham filed her own application in the Probate Court for the restoration of her estate. That court made an order for due service of and hearing upon her application. Edwina C. Graham and her conservator were both present at the hearing held on November 3, 1981. On that date, the Probate Court decreed that Edwina C. Graham had been restored to her capacity and, by order of the court, the remaining portion of her estate was restored to her. Upon the termination of the conservatorship, the conservator was ordered to file its final account.

No appeal was taken from the Probate Court decree finding Edwina C. Graham capable of managing her own affairs and ordering that the conservatorship of her estate be terminated. Neither the plaintiff nor anyone on behalf of Edwina C. Graham objected to the Probate Court or to her conservator concerning the order restoring her estate.

Notice of the hearing on the conservator's final account was duly served on the plaintiff, and both he and his mother attended the hearing held on February 9, 1982. Proceedings in Probate Courts are generally somewhat informal. *Thomas* v. *Arafeh,* 174 Conn. 464, 470, 391 A.2d 133 (1978). The conduct of the hearing was in the control of the court. The interests of Edwina C. Graham were fully represented. Nowhere does it appear that her representatives might not be vigilant in her interests. Efforts by the plaintiff to be heard in opposition to certain items of administrative expenses were unsuccessful. There is no suggestion

that Edwina C. Graham and her representatives did not earnestly examine the account and no facts are presented to warrant such a conclusion. It was entirely discretionary whether the plaintiff should be allowed to participate in the proceedings. See General Statutes § 45-77. No situation for the abuse of that discretion existed in the hearing upon the settlement and allowance of the final account of the conservator. On February 9, 1982, after a hearing, the Probate Court approved the conservator's final account. The plaintiff appealed to the Superior Court from that decision.

From the sparse record in this case, it plainly appears that the final account of her conservator was not allowed until after Edwina C. Graham had been restored to her capacity, when what remained of her estate had been restored to her. She was satisfied that her conservator had rendered a proper accounting and was entitled to the compensation for its services allowed by the court. She contradicted what the plaintiff alleged in his motion for appeal from probate and challenged his aggrievement.

On March 8, 1982, the plaintiff filed, in the Probate Court for the district of Hartford, his motion for appeal from the decree of that court, dated February 9, 1982, approving the final account of the conservator of the estate of Edwina C. Graham. The appeal was allowed and made returnable to the Superior Court in the judicial district of Hartford-New Britain at Hartford on April 6, 1982. Before the return day, the defendant filed a motion to dismiss on the ground that the Superior Court lacked jurisdiction of the subject matter because the plaintiff was not an aggrieved party under General Statutes § 45-288. The court, *Satter, J.,* granted the motion to dismiss and rendered judgment dismissing

the appeal.[1] The appeal[2] before us is from the judgment of the Superior Court dismissing the appeal from the Probate Court.

The only allegations of the motion for appeal filed by the plaintiff in the Probate Court which purported to set forth his interest were that he is the son and heir at law of "the incapable" and is potentially liable for her support. In view of the determination, made on November 3, 1981, that Edwina C. Graham had been restored to capacity, it is at once apparent that the allegation of his mother's incapacity is inaccurate. In any event, this and other inaccuracies have not been brought into question in this appeal.

In an appeal from probate, the Superior Court is a court of limited jurisdiction. It has only the jurisdiction granted to it by statute. Section 45-288 authorizes appeals from probate only by those who are aggrieved by the decree appealed from. Accordingly, if an appellant is not actually aggrieved, the court is without jurisdiction to hear the appeal. *Lenge* v. *Goldfarb,* 169 Conn. 218, 220, 363 A.2d 110 (1975); *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138 (1935).

Was the plaintiff aggrieved? In *Maloney* v. *Taplin,* 154 Conn. 247, 249, 224 A.2d 731 (1966), the Supreme Court stated: "The basis for the appellant's claim of aggrievement should be clearly stated in his motion for appeal." Illustrative cases are collected therein. The contention of the plaintiff that he is aggrieved because

---

[1] The question of aggrievement was decided on the affidavits submitted by the parties. Ordinarily, when issues of fact are necessary to the determination of the court's jurisdiction, a trial-like hearing must be held, in which the parties are provided an opportunity to present evidence and to cross-examine adverse witnesses. Affidavits, however, are an acceptable alternative to an evidentiary hearing when they disclose, as here, that no genuine issue as to a material fact exists. *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 56, 459 A.2d 503 (1983).

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

he is potentially liable for his mother's support is based on false alarm rather than actual fact. See General Statutes § 46b-215.[3] He presently has no responsibility for the care and maintenance of his mother. It is plain that the mere possibility of future liability for her support involves no real interest in the matter in controversy. His pecuniary interest or personal right as an alleged heir presumptive is not affected by the decree in the slightest degree, and no possible future interest he may have in his mother's estate is affected by the decree approving the final account of the conservator after the change in the possession and management of her estate from the conservator to Edwina C. Graham.

There is no error.

---

[3] General Statutes § 46b-215 provides in pertinent part: "(a) The superior court shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to his or her spouse, a child under the age of eighteen or a *parent under the age of sixty-five, according to his or her ability to furnish such support* . . . ." (Emphasis added.) Edwina C. Graham, on February 9, 1982, was possessed of a considerable estate. Her need of support is unlikely. Moreover, there is no mention in the record of the date of her birth nor the plaintiff's ability to furnish support.