[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about August 18, 1992, the appellant filed a motion for appeal from probate with this court, stating that "[h]e is the son and prospective heir at law of Betty CT Page 5541 Rosenthal, an incompetent person," and that "[o]n July 14, 1992, . . . [the probate court] Ordered and Decreed that the real property of Betty Rosenthal, an incompetent person, located at 33 Giles Hill Road, Redding, Connecticut, be sold at private sale to one George N. Donas for the sum of $430,000.00." On September 4, 1992, the appellant filed a document entitled "Reasons For Appeal," as required by Practice Book, Sec. 194, asserting that the approved sale price "is insufficient as it does not fairly and accurately reflect the fair market value of the subject property," and "[f]urthermore, said sale of the residence is not necessary to fund and sustain the expense of Betty Rosenthal, as other assets are available in the estate."
On December 17, 1992, the respondent filed a motion to dismiss arguing that the court should dismiss the instant probate appeal because the appellant "is not an aggrieved person pursuant to C.G.S. 45a-188, nor, if an aggrieved person, has he stated his interest in the motion for appeal, as required by C.G.S. 45a-191."
Section 45a-191 provides that "[i]n each appeal from probate or from the actions of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate." Failure to state the appellant's interest in the appeal cannot be remedied by any statement in the reasons for appeal. If an APPELLANT (emphasis supplied) is aggrieved but fails to show the basis for that aggrievement in the motion to appeal, the appeal is merely voidable. Since the claimed defect, if it was one, merely makes the appeal voidable and not void, the defect will be waived by the RESPONDENT'S (emphasis supplied) failure to file the motion to dismiss within thirty days after the filing of the appearance. Ponton v. Quinn,6 CSCR 434 (April 3, 1991, Fuller, J.). In the present case, the RESPONDENT (emphasis supplied) filed an appearance on September 2, 1992, and filed the motion to dismiss on December 17, 1992, more than thirty days after the filing of the appearance; therefore, the alleged defect, in terms of in personam jurisdiction, has been waived.
The respondent continues by arguing that the appellant is not aggrieved as required by Sec. 45a-188. Because the right to appeal from the decision of a Probate Court is CT Page 5542 statutorily conferred, which ordinarily requires the appellant to establish his interest and the nature of his aggrievement, the absence of aggrievement is a jurisdictional defect that deprives the Superior Court of the power to hear the appeal. Baskin's Appeal from Probate, 194 Conn. 635,637; Weill v. Lieberman, 195 Conn. 123, 124-25; General Statutes, Sec. 45a-186. "The concept of standing, as presented by the question of aggrievement, `is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court.' [Citations omitted.] . . . . [T]he existence of aggrievement depends upon `whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.'" Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516. (Emphasis added.) As a result, to determine if the appellant is aggrieved, the court must consider: (1) whether the appellant's interest as an heir of the defendant is a legally protected interest in the defendant's estate; and (2) if so, whether the Probate Court's approval of the sale of defendant's real property has a sufficiently adverse impact on appellant's interest. Baskin's Appeal from Probate, supra, 638; Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 482.
The appellant postulates that he is aggrieved because of his status as a prospective heir. However, in order to be aggrieved, the nature of the interest must involve a legally protected personal right or status of the appellant. Buchholz's Appeal from Probate, 9 Conn. App. 413, 417.
 ``Expectancy' is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such a hope is inchoate. It has no attribute of property, and the interest to which it relates is at the time nonexistent and may never exist.' [Citation omitted.] The moment of the decedent's death determines the right of inheritance or testamentary succession.
(Emphasis added.) (Citations omitted.) Krause v. Krause,174 Conn. 361, 365.
 Our courts have previously considered the nature of the interest of various family members in probate CT Page 5543 decisions. We have held that a son did not have a real or legal interest sufficient for standing to appeal from a probate decisions regarding the approval of a final account of the estate of his mother on the basis that he might potentially become liable in the future for her support. Graham v. Estate of Graham, . . . [2 Conn. App. 251, 477 A.2d 158, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984)]. It has likewise been recognized that an only child of an incompetent parent did not have a sufficient legal interest to allege aggrievement in a probate proceeding involving the acceptance of the account of a conservatrix. Fitzhugh v. Fitzhugh, 156 Conn. 625, 239 A.2d 513
(1968). A nephew who claimed that he was the future heir and had the present responsibility for the care and maintenance of his incompetent aunt was held not to have a sufficient interest to appeal from an order of the Probate Court which assumed jurisdiction of an application for the appointment of a conservator. Maloney v. Taplin, . . . [154 Conn. 247, 224 A.2d 731 (1966)]. An allegation that the appellant was the brother of the deceased and an heir-at-law was likewise not sufficient to constitute an interest to give rise to a right of appeal from a decision of the Probate Court admitting the will of the deceased. Norton's Appeal From Probate, 46 Conn. 527, 528 (1879).
 These cases have all involved an appeal of a blood relative from a probate decree affecting alleged pecuniary interests in an estate. The general rule which has emerged from this scant body of caselaw regarding standing to appeal from a probate decree based upon such familial relationships is that the connection by blood to a person's estate is not necessarily a legally protected status.
(Emphasis added.) Buchholz's Appeal from Probate, supra, 417-18. In Doyle v. Reardon, 11 Conn. App. 297, 304, the court held that "[t]he plaintiff has no legally protected interest in the estate of . . . [his grandmother] solely by virtue of his blood relationship to her as her grandson or because of any putative inheritance which may come to him, CT Page 5544 after her death, by will or intestacy." (Citation omitted.)
As a result, the court is constrained to find that the appellant does not have a legally protected interest solely by virtue of his status as a prospective heir. Accordingly, the motion to dismiss is granted.
Moraghan, J.