[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO COMPEL.
I. MOTION TO DISMISS
An application for the appointment of an involuntary conservator was presented to the Probate Court. There was apparently no issue as to the need for appointment. Rather the issue was who should be appointed. The court appointed the ward's spouse over the objection of the ward's children. The children have appealed to the Superior Court. A motion to dismiss has been filed alleging that the children are not aggrieved. The issue is whether or not they are aggrieved under these circumstances.
Any aggrieved party may appeal from any order or decree of a court of probate. Conn. Gen. Stat. 45a-186. The questions to be determined in probate appeals with regard to aggrievement are (1) whether a plaintiff has a legally protected interest and (2) whether the action of the probate court had an adverse effect on CT Page 1682 that interest. Doyle v. Reardon, 11 Conn. App. 297, 304 (1987).
The first question is whether the children of the respondent have a legally protected interest in a proceeding for the appointment of a conservator for their parent. The statutes regarding conservators are found in chapter 802h of the General Statutes, entitled "Protected Persons and Their Property". The chapter includes provisions regarding guardians of the person of minors, guardians of the estate of minors, conservators, and guardians of mentally retarded persons. The "protected persons" referred to are, quite clearly, minors and incapable adults. The specific provisions regarding conservators are found in sections45a-644 to 45a-663 inclusive. Nowhere in those statutes is there any provision which would suggest in any way that the purpose of the statutes is to protect third parties. Quite to the contrary, the statutes provide, for example, that in appointing a conservator, the court is to be guided by the best interests of the respondent, 45a-650 (d), and may require a bond of a conservator of the person if it deems necessary for the protection of the respondent. C.G.S. 45a-650 (f). It is a primary rule of statutory construction that if the language of the statute is clear, it is presumed that the words express the intent of the legislature. Ganim v. Roberts, 204 Conn. 760, 763 (1987). A legislative intention not expressed in some appropriate manner lacks legal existence. Johnson v. Manson, 196 Conn. 309, 315 n. 7 (1985). On the face of the statutes, it appears that the interests at issue in a conservatorship proceeding are those of the respondent, and not those of other family members. In addition, the courts have long recognized the purposes of our conservator statutes. As early as 1814 Justice Edmond, speaking for the supreme court, stated that "nothing to my mind can be plainer, than that necessary provision for the [ward] is the sole object" of the statutes regarding conservators. Norton v. Strong, 1 Conn. 65, 69 (1814). The method provided by the laws of this state for the protection of such of its people as own property, but are incapable of managing their affairs, is through a conservator to whom is entrusted the care of both their person and their estate. Wentz's Appeal, 76 Conn. 405,409-410 (1904). Similarly, it has been said that the purpose of the statutes is "to safeguard the interests of anyone who would squander and waste his estate if allowed to manage it", Beach v. First National Bank, 107 Conn. 1, 8 (1927); and that the "basic purpose is to make necessary provision for the incapable person during his life or disability". State v. Tarcha, 3 Conn. Cir. Ct. 43, 45 (1964). It has also been said that the primary object of the statute is: CT Page 1683
 . . . adapted, and presumably designed to safeguard not only such means of support as the incapable person may possess, but whatever property he owns not needed for such purposes. This operates directly for his own benefit, should he become freed from his incapacities. Whether any regard should be paid to the interest of his heirs or legatees, we have no occasion to inquire. Wentz's Appeal, supra, p. 411.
It is, therefore, abundantly clear that the purpose of our procedures regarding conservators involve the protection of incapable persons from the results of their incapacity, and not to protect the interests of third parties.
This view is in accord with the law of other jurisdictions. Whether called a "conservatorship" or a "guardianship", it is a trust of the most sacred character in which one person acts for another, whom the law regards as incapable of handling his or her own affairs. 39 Am.Jur.2d, Guardian Ward 1. The purpose of statutes relating to guardianship or conservatorship is to safeguard the rights and interests of minors or incompetent persons, and the courts should be vigilant to see that the rights of such persons are properly protected. Id.
Assuming that the appellant could establish a legally protected interest the second prong of the test of aggrievement must also be addressed. Thus, it must appear that the action of the probate court had an adverse effect upon the interest of the appellant. An appeal should be taken from that which constitutes the real grievance of the party. A person must not only be aggrieved, but must be aggrieved from the particular order appealed from. Pettee v. Hartford-Connecticut Trust Co., 105 Conn. 595, 605
(1927). In this case there is apparently no question as to the need for appointment of a conservator. Rather the dispute involves the choice of conservator.[1] Thus the appellants would need to establish not only that they have a legally protected interest, but that their interest was adversely affected by the appointment of this conservator.
A number of cases have addressed the issue of aggrievement in the context of conservatorship proceedings. It has been held that mere blood relationship to the respondent is not sufficient to establish aggrievement. Doyle v. Reardon, supra, p. 304. Similarly, the possibility that the party may, in the future, be CT Page 1684 entitled to inherit from the ward does not constitute that person an aggrieved party. Maloney v. Taplin, 154 Conn. 247, 250 (1966); Doyle v. Reardon, supra; Graham v. Estate of Graham, 2 Conn. App. 251,255 (1984). Nor does the mere assertion that the appellant is responsible for the ward's care, or may become liable for his or her support, confer standing to appeal. Maloney v. Taplin, supra, p. 251; Graham v. Estate of Graham, supra. A party does not establish aggrievement merely by the fact that he or she had notice of and particpated [participated] in the hearing in the probate court. Doyle v. Reardon, supra, pp. 307-308.[2]
In Czaja v. Sallak, 13 Conn. App. 411 (1988), the appellate court affirmed the judgment of the superior court dismissing the plaintiff's appeal from the probate court's denial of her application for the appointment of a conservator for her father. The trial court dismissed on the basis of plaintiff's lack of aggrievement.[3] The appellate court affirmed on procedural grounds with no discussion of the merits.
The interest of the appellant must be stated in the motion for appeal. C.G.S. 45a-191. In this case, paragraph 1 of the motion for appeal states that the appellants are the children of the respondent. Paragraph 6 states as follows: "the Complainants who are heirs at law of the respondent are aggrieved by the order and decree of this Court" As noted above, neither blood relationship, nor the possibility of future inheritance is sufficient to establish aggrievement in the context of a conservatorship proceeding. Accordingly, it appears that the appellants do not meet the test of aggrievement and that the appeal is properly subject to dismissal.
II. MOTION TO COMPEL.
Inasmuch as the appeal is being dismissed, the order of Barbara L. Miller, Probate Judge of Kent, that the Estate of Charles H. MacEslin be delivered to the Conservatrix, Dora MacEslin, stands. The plaintiffs are ordered to carry out the above order immediately.
RICHARD A. WALSH