[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 14398
The defendants in this case have moved to dismiss the appeal on the grounds that the appellant, claiming to be a creditor, is not an aggrieved person within the meaning of Section 45a-186
C.G.S.. Defendants citing Fitzburgh v. Fitzburgh, 156 Conn. 625,Maloney v. Toplin, 154 Conn. 247 and Sackett v. Barrett,132 Conn. 139 maintain that "the allegation in the motion for appeal that appellant is the child of the incapable appellant does not bestow on her a real interest in the matter and she has failed to state in her motion for appeal the manner in which she has been adversely affected."
In the opinion of the court the appellant has sufficiently stated the nature of her interest i.e. a creditor rather than just a child. It is obvious from the Motion for Appeal with its detailed explanation that she claims to be aggrieved by the change in ownership and jurisdiction of the only assets of the incapable from which she can derive any benefit if she can prove her allegations.
In the opinion of the court she has standing to appeal the decree of the probate court and there is no good reason why she should be denied the opportunity to perfect her claim in Connecticut.
The objection to the Motion to Dismiss is sustained.
Hale, Judge.