[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
The defendant/appellee has filed a motion to dismiss this appeal from Probate for lack of subject matter jurisdiction. The appellee claims that the appellant is not an aggrieved person and thus, has no standing to pursue this appeal.
The undisputed facts are that the appellant is the daughter of the ward, Esther Haseltine Schiavone and is the beneficiary of a specific bequest in the will of the ward.
The appellant has taken this appeal from a November 1, 2000 order approving an account dated February 3, 2000 filed by the appellee as Conservator of the Estate of Esther Haseltine Schiavone.
The appellant must be an aggrieved person in order to have standing to prosecute this appeal. Kucy v. Kucy, 34 Conn. App. 579, 581 (1994). The appellee argues that § 45a-191 of the Conn. Gen. Stats. requires that the appellant must state the basis for her agreement in her motion for appeal. The appellant argues that she has done so. The appellee also claims that the appellant's status as the daughter of the ward is not sufficient to confer upon her the standing necessary to maintain this appeal, citing Fitzhugh v. Fitzhugh, 156 Conn. 625, 627 (1968). The appellant seeks to distinguish Fitzhugh, on the basis that here, unlikeFitzhugh, she is the subject of a specific bequest in the will of an incapable person.
This court, however, agrees with the position of the appellee that the holding in Fitzhugh controls even though in this case the appellant may be the subject of a specific bequest in the ward's will. A person has no legally protected interest in the estate of another solely by virtue of a blood relationship between the two or because of any putative inheritance which may come to him after such other person's death, by will orintestacy. Doyle v. Reardon, 11 Conn. App. 297, 304 (1987).
The appellant also claims that she has standing as her claim for attorney's fees as presented to the Judge of probate was denied and such denial has been set forth in her motion for appeal. Assuming that the denial of attorney's fees is part of the decree appealed from a fact which the appellee disputes, the appellant cannot prevail on this claim.
Sec. 10-76 (a) of the Connecticut Practice Book specifically provides that in all Probate appeals the appellant shall file reasons of appeal within 10 days of the return day. The appellant in this case did file her CT Page 2858 reasons for appeal on January 4, 2001, which did not include reference to the disallowance of her claim for attorney's fees. She has therefore, abandoned any such claim in this appeal since the reasons of appeal constitute notice to the appellee of the matter relied on, to which the appellant will be limited in presenting evidence in the de novo
proceeding. See Berkely v. Berkely, 152 Conn. 398, 401 (1965); Boschen v.Second National Bank of New Haven, 130 Conn. 501, 504 (1944).
Therefore, it is the court's opinion that the appellant cannot prevail on the issue of aggrievement, and the motion to dismiss is granted.
Thompson, J.