HOLLY FLOR *v.* MICHAEL R. POHL, CONSERVATOR
(ESTATE OF PATRICIA ANN SCHUETZ)
(AC 26551)

Gruendel, Harper and Peters, Js.

Argued March 27—officially released May 23, 2006

*Michael S. McKenna*, for the appellant (plaintiff).

*Frederick W. Krug*, for the appellee (defendant).

*Opinion*

PETERS, J. An appeal from a Probate Court to the Superior Court requires a showing of aggrievement. General Statutes § 45a-186.[1] The narrow issue in this probate appeal is whether the status of being an heir is, without additional facts, sufficient to establish aggrievement. The broader issue is whether, if that status is insufficient, the heir may remedy this defect in her appeal by moving to amend the notice of appeal required by General Statutes § 45a-191.[2] In dismissing the heir's appeal, the trial court relied on older case law holding that a defective notice of appeal can never be amended. See *Feigner* v. *Gopstein*, 139 Conn. 738, 741, 97 A.2d 267 (1953); *Exchange Buffet Corp.* v. *Rogers*, 139 Conn. 374, 377–78, 94 A.2d 22 (1952). We must decide whether those cases continue to have precedential force after *Baskin's Appeal from Probate*, 194 Conn. 635, 640–41, 484 A.2d 934 (1984). Because we conclude

---

[1] General Statutes § 45a-186 (a) provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section. . . ."

[2] General Statutes § 45a-191 provides: "In each appeal from probate or from the actions of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."

that the procedural rules governing a probate appeal now are those stated in *Baskin's Appeal from Probate,* we reverse the judgment of the trial court.

After receiving permission from the Southbury Probate Court on November 4, 2004, the plaintiff, Holly Flor, brought an appeal to the Superior Court from an order of the Probate Court approving the final accounting of the defendant, Michael R. Pohl, conservator of the estate of Patricia Ann Schuetz. The plaintiff, who is Schuetz' daughter, had been permitted to challenge the validity of the accounting in the Probate Court, but was unsuccessful on the merits. In her notice of appeal to the Superior Court, the plaintiff identified herself as an heir at law and alleged that she was "aggrieved by the order and decree of the Probate Court." The defendant filed a timely motion to dismiss in which he alleged that the plaintiff had failed to establish her aggrievement because her notice of appeal did not comply with the requirement of § 45a-191 that she state her interest in the subject matter of the probate order.

At a hearing on the defendant's motion, it became clear that Schuetz had died before the completion of the final accounting. The defendant virtually conceded that, if this fact had been pleaded in the notice of appeal, the plaintiff would have established her aggrievement.[3] Although the defect in the plaintiff's appeal was, therefore, "technical," the defendant maintained that the plaintiff's appeal was subject to dismissal for lack of a showing of aggrievement.

[3] Referring to the fact of Schuetz' death, the defendant stated: "Unfortunately, that's what she should have said in the motion for permission to appeal. That would have set forth what her interest was. They didn't do that. That's the gist of my motion to dismiss, that the statute requires you to set forth what your interest is in the motion for appeal, and it isn't there. The mere fact that you allege to be an heir at law is not enough. That's what the cases clearly state. So, I think that's the answer for that. We are really looking at . . . whether there has been a technical compliance [with] the requirements of the statute, and it just isn't there."

The trial court granted the defendant's motion to dismiss. It observed that, pursuant to §§ 45a-186 and 45a-191, a probate appeal is subject to dismissal for lack of a showing of aggrievement unless the notice of appeal identifies the appellant's interest in the subject matter of the decree and the adverse effect of the decree on the interest. It then held that "[f]ailure to meet those requirements makes the appeal subject to a motion to dismiss, and insufficiency of the appeal cannot be cured in the Superior Court by amendment or by offering testimony to overcome a defect apparent on the face of the appeal. *Exchange Buffet Corp.* v. *Rogers*, [supra, 139 Conn. 377–78]." The court also cited *Hartford Kosher Caterers, Inc.* v. *Gazda*, 165 Conn. 478, 482, 338 A.2d 497 (1973), and *Feigner* v. *Gopstein*, supra, 139 Conn. 738.

The court's description of these cases is entirely accurate. The defendant, however, mischaracterizes their import. Failure fully to describe a claimant's interest in a probate decree is not a flaw that deprives the Superior Court of subject matter jurisdiction. Although aggrievement is a jurisdictional necessity, without which the Superior Court cannot hear a probate appeal, "[i]f an appellant is aggrieved but fails to show the basis for that aggrievement in the motion to appeal, the appeal is merely voidable." *Hartford Kosher Caterers, Inc.* v. *Gazda*, supra, 165 Conn. 483. Nonetheless, in this case, the defendant timely moved to avail himself of the opportunity to void the plaintiff's appeal.

We assume, for the purposes of this appeal, that the trial court properly held that being an heir does not automatically establish aggrievement for the purposes of a probate appeal. See, e.g., *Fitzhugh* v. *Fitzhugh*, 156 Conn. 625, 239 A.2d 513 (1968); *Graham* v. *Estate of Graham*, 2 Conn. App. 251, 477 A.2d 158, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984).

The question remains, however, whether the cases holding that an appellant from probate has no right to move to amend a notice of appeal to demonstrate aggrievement continue to be good law. Only recently, our Supreme Court in *McBurney* v. *Cirillo*, 276 Conn. 782, 889 A.2d 759 (2006), reiterated its capacious view of the law of standing by observing: "The concept of standing, as presented by the question of aggrievement, is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. . . . In order to establish standing to appeal from a probate matter, a party must show that he or she is aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law . . . . The test for determining whether a party has been aggrieved by a Probate Court decision is whether there is a possibility, as distinguished from a certainty, that some legally protected interest that [the party] has in the estate has been adversely affected. . . . This interest may be a direct pecuniary one, or it may consist of an injurious effect upon some legally protected right or status of the appellant." (Citations omitted; internal quotation marks omitted.) Id., 820–21. It is hard to square this view of the role of probate appeals with insistence on formal pleading niceties.

We need not, however, speculate about the relationship between *McBurney*'s view of aggrievement and the trial court's reliance on cases such as *Exchange Buffet Corp.* Although the trial court also cited *Baskin's Appeal from Probate*, supra, 194 Conn. 635, it failed to take into account a significant holding in that case.

The Supreme Court's opinion in *Baskin's Appeal from Probate* begins with the observation that "[t]he nature of an appeal from probate underwent a substantial change with the decision of this court in *Prince* v. *Sheffield*, 158 Conn. 286, 259 A.2d 621 (1969). There, this

court clearly established that an appeal from probate is a de novo proceeding in which the Superior Court is not limited to the claims raised in the Probate Court. 'In an appeal from probate there is a trial de novo in which the appellant has the opportunity to present any evidence which could have been offered in the probate court, whether or not it was actually offered.' *Prince* v. *Sheffield*, supra, 294. 'In the traditional appeal, the scope of review is limited by the issues raised and the supportive evidence submitted in the lower court. In an appeal from probate, however, the informalities of the probate proceeding are corrected by permitting a full hearing in which new evidence may be submitted.' *Thomas* v. *Arafeh*, 174 Conn. 464, 470, 391 A.2d 133 (1978). This court has gone so far as to allow the admission of evidence not even in existence at the time of the probate hearing." *Baskin's Appeal from Probate*, supra, 194 Conn. 641.

The Supreme Court then went on to describe the proceedings in the case before it. "The dismissal of this appeal foreclosed any opportunity to amend the reasons of appeal to plead additional facts that would establish a claim that the decedent had been abandoned by [his] widow, as provided in the second sentence of [General Statutes] § 45-253 [now General Statutes § 45a-318], as a basis for an order concerning the custody and control of the decedent's remains. During oral argument, it was not disputed that such a claim had been made in the Probate Court. It would have been possible for the plaintiff to amend his reasons of appeal to include such a claim. Since our decision in *Prince, the ability to amend the reasons of appeal accompanying the initiation of an appeal from probate is indistinguishable from the ability to amend pleadings in other civil actions in accordance with the appropriate sections of the Practice Book. The reasons of appeal serve essentially the same functions in defining issues and lim-*

*iting evidence as does the complaint in any civil matter. . . .* This conclusion is supported by Practice Book § 194 [now § 10-76 (a)] and is a necessary consequence of the principles declared in *Prince.*" (Citation omitted; emphasis added.) Id., 641–43.

Finally, the Supreme Court discussed the propriety of filing a motion to dismiss to challenge a probate appeal. It noted "the difference between a motion to strike and a motion to dismiss in relation to an appeal from probate" and held that "where the question is merely the sufficiency of the pleading rather than the existence of a viable cause of action," a motion to dismiss should be denied. Id., 643.

It follows that, in this case, as in *Baskin's Appeal from Probate*, the defendant's motion to dismiss should have been denied because the plaintiff should have been afforded an opportunity to amend her appeal. We disagree with the defendant's claim that this case is governed by *Graham* v. *Estate of Graham*, supra, 2 Conn. App. 251. Although *Graham* also involved an heir's challenge to the accounting rendered by a conservator, it is significantly different because, in that case, the mother's rights were restored and the conservatorship was terminated before the final accounting, from which the mother did not appeal. Id., 252. Here, by contrast, it appears that only the plaintiff presently has an interest to challenge the defendant's accounting for his conservatorship of the property of the plaintiff's deceased mother.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.