DONALD H. DOYLE ET AL. v. JAMES D. REARDON, CONSERVATOR (ESTATE OF LENA K. DOYLE)
(5311)

DUPONT, C. J., DALY and BIELUCH, JS.

Argued March 31—decision released June 16, 1987

*Daniel J. Mahaney,* with whom was *John D. Mahaney,* for the appellant (plaintiff Donald H. Doyle, Jr.)

*James T. Graham,* with whom were *W. Campbell Hudson* and, on the brief, *Charles M. Tighe,* for the appellee (defendant).

DUPONT, C. J. This is an appeal by the plaintiff Donald H. Doyle, Jr., from the trial court's granting of the defendant's motion to dismiss the plaintiffs' appeal from the Essex Probate Court. The Probate Court had granted the defendant's motion for permission to institute suit and to employ counsel. Donald H. Doyle, Jr., is the grandson of Lena K. Doyle.[1] The defendant is the conservator of the estate of Lena K. Doyle. The motion to dismiss in the Superior Court alleged that the court lacked subject matter jurisdiction because the statutory requirements of General Statutes § 45-288 had not been met.[2] The trial court held that the plaintiff was not appealing from an "order, denial or decree" of a court of probate, and further that he was not aggrieved by its action, and, therefore, lacked standing to appeal.

In 1983, Lena K. Doyle conveyed real estate to her grandson, the plaintiff. It is this conveyance which lies

---

[1] In the Probate Court and in the Superior Court, the plaintiffs were Donald H. Doyle, the son of Lena K. Doyle and the father of Donald H. Doyle, Jr., and Donald H. Doyle, Jr. Donald H. Doyle has not appealed to this court. As used in this opinion, plaintiff refers to the appellant, Donald H. Doyle, Jr.

[2] General Statutes § 45-288 provides in pertinent part: "APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held."

at the center of this case. On October 22, 1985, a conservator was appointed for the estate of Lena K. Doyle after a hearing initiated by two of her children, in which it was determined that she was incompetent to handle her own affairs.[3] The conservator of the estate thereafter applied for permission to institute suit and to employ counsel to investigate the validity of the transfer and to question "the circumstances surrounding the conveyance of [the] real estate."

On January 9, 1986, the Probate Court held a hearing on the motion. The court found that the "conservator inquiry is not a frivolous one." It further found that "[i]t would be in the best interest of Lena K. Doyle to allow the conservator to proceed to Superior Court for a proper determination of the question." The court stated that the conservator had the power to bring the action "as reasonably implied in Connecticut General Statutes § 45-75 (a) and as properly derived from Connecticut case law in *Kleinman* v. *Marshall*, [192 Conn. 479, 472 A.2d 772 (1984)]." In addition, the court reserved the right, upon a report back, to review and act on fees and expenses, after resolution of the action in the Superior Court. It authorized legal fees not in excess of $2500 without the necessity of further action by the court. The court struck out the preprinted words, "And it is ORDERED AND DECREED that," from its written decision. It subsequently issued, however, a "Decree Allowing Appeal from Probate" in which it twice described its action on the conservator's motion as an "Order and Decree."

On appeal to the Superior Court, the plaintiff claimed that he was not accorded federal constitutional due process at the probate hearing, and that the Probate Court did not have jurisdiction to authorize the defendant's

[3] Lena K. Doyle's children, other than Donald H. Doyle, are Margaret E. Ryan and Richard K. Doyle. Neither is involved in this appeal.

suit or the expenditure of assets of the estate for that purpose. The plaintiff also claimed that an evidentiary hearing was needed on the defendant's motion to dismiss in the Superior Court.

The provisions of General Statutes § 45-288 enable "any person aggrieved by any order, denial, or decree" of a Probate Court to appeal to the Superior Court. The statute, therefore, confers standing on a party when there is both (1) an "order, denial, or decree" of a Probate Court and (2) aggrievement resulting to such party therefrom. The plaintiff first claims that an appeal from the Probate Court's action to the Superior Court was proper because the Probate Court's action was an order or decree. The trial court concluded that the Probate Court's decision was not an order or decree because it did not direct or command the conservator to bring a lawsuit, but only "suggested that it would be in the best interest of Lena K. Doyle to allow the conservator" to bring suit in the Superior Court.

The defendant argues that the Probate Court's action was not a decree because it was not needed for the institution of a suit in this case. The Probate Court, by stating that the conservator had the power to bring an action pursuant to § 45-75 (a) and case law, may have agreed with this contention, to the extent that it believed a ruling by it was not necessary. General Statutes § 45-75 (a)[4] does not specifically authorize suits by a conservator of an estate to set aside real estate conveyances previously made by his ward. The Probate Court relied on this statute and on *Kleinman* v.

[4] General Statutes § 45-75 (a) provides in pertinent part: "DUTIES OF CONSERVATOR OF THE ESTATE. APPLICATION FOR DISTRIBUTION OF GIFTS OF INCOME AND PRINCIPAL FROM THE ESTATE. . . . The conservator shall manage all the property and apply so much of the net income of the property, and, if necessary, any part of the principal of the property, which is required to support the ward . . . and may sue for and collect all debts due him."

*Marshall,* supra, for the proposition that the conservator had the authority to bring such a suit. *Kleinman* itself, although involving a suit to set aside a real estate conveyance previously made by the ward of a conservator, is silent as to whether the conservator first sought permission from the Probate Court to bring the suit, although it is stated that "shortly after [the] appointment," the conservator sued.[5] It is thus likely that prior permission was not sought.

If, however, prior permission to bring suit is not sought, the conservator proceeds at his peril in terms of recouping the expenses of such a suit, in the event he engages the services of an attorney to prosecute the action. See *Elmendorf* v. *Poprocki,* 155 Conn. 115, 230 A.2d 1 (1967). A conservator of an estate only has those powers expressly or impliedly given by statute. In exercising those powers, he is under the supervision and control of the Probate Court. Id., 118. "While a conservator, as any other fiduciary, may act at his peril and on his own personal responsibility, before his ward's estate can be directly obligated to pay for services rendered to that estate at the request or with the knowledge of the conservator, the Probate Court must expressly approve the necessity and propriety of the utilization of those services and the reasonableness of the charge demanded for them." Id., 119. *Elmendorf* interpreted General Statutes § 45-75 (a) as *not* giving a conservator the authority to bind an estate of a ward to compensate others for services rendered, such as for a real estate commission incurred in the sale of an estate asset. It holds, rather, that a Probate Court must expressly authorize, in advance, or approve subsequently the expenditure of funds by a conservator for that purpose. Id., 119.

---

[5] The issue of *Kleinman* v. *Marshall,* 192 Conn. 479, 472 A.2d 772 (1984), was whether the death of the ward prior to the rendition of the trial court's judgment caused the case to be nonjusticiable. The court remanded the case for a determination as to whether there was an actual controversy.

Although *Elmendorf* does not specifically deal with the necessity to obtain prior permission to bring a law suit in order to retrieve an estate asset and to charge the ward's estate for the costs of such suit, its language is broad enough to include that situation. There is "nothing in § 45-75 of the General Statutes which indicates the legislature intended to allow a conservatrix to bind her ward's estate to an implied contract . . . without the express approval of the Probate Court." Id., 119–20. In this case, the conservator sought prior permission to bind his ward's estate upon the execution of an express contract for legal services. Whether a contract of a conservator is express or implied, prior permission from the Probate Court must be obtained in order to charge the ward's estate for the costs connected with such contracts, without subjecting the conservator to a risk later of nonrecoupment.

*Elmendorf* and *Kleinman* when read together are not inconsistent. The former explicitly established the proposition that General Statutes § 45-75 (a) does not authorize the expenditure of funds by a conservator for expenses unrelated to the support of a ward, and arising from a contract made by a conservator. The latter impliedly established that permission from a Probate Court for a suit to set aside a conveyance need not be obtained. These cases, when read together, establish, therefore, that although permission to bring a suit to set aside a conveyance of a ward is not statutorily mandated, the court must nonetheless approve of any expenditure of the estate's funds used for the costs involved in such suit.

The relevance of these cases to the present case is their impact on whether the granting of permission to sue and employ counsel is a decree or order of the Probate Court. Since we have interpreted § 45-75 (a) to require authorization of this suit by the Probate Court in order for the conservator to be able to charge this

estate for the cost of the suit, the authorization necessarily is a decree. A "decree" is a judicial fiat or pronouncement determining a matter in controversy. *Raymond* v. *Raymond,* 109 R.I. 265, 273, 284 A.2d 64 (1971). Such term refers to and encompasses the determination made by the Probate Court in this case.

Although the Probate Court's authorization of expenses for a lawsuit which was deemed to be in the best interest of the ward may not have required or ordered future litigation, it was as final a judgment or decree which that court, as a court of limited jurisdiction could render. *Ramsdell* v. *Union Trust Co.,* 202 Conn. 57, 63 n.3, 519 A.2d 1185 (1987). If the conservator here wished to obtain the litigation expenses of a suit to be brought by him, without risk of personal liability later, the only way to do so was to get prior approval from the Probate Court. Neither the Probate Court, nor the trial court on appeal from the Probate Court, had jurisdiction actually to determine whether the conservator was entitled to equitable relief by rescission of the conveyance. Both, however, had the jurisdiction to determine and review de novo, respectively, whether the conservator had reasonable ground to sue the plaintiff in a court of general jurisdiction. Id., 73–74. The determination made by the Probate Court was a decree because the Probate Court adjudicated the propriety of instituting suit and gave authorization of fees up to $2500 in the event suit was instituted. Furthermore, a Probate Court has no authority to give an advisory opinion. See *Russell* v. *Russell,* 109 Conn. 187, 205, 145 A.2d 648 (1929). The trial court erred in holding that the Probate Court's action was not a decree.

The plaintiff next claims that the court erred in holding that he was not aggrieved by the Probate Court's decree. The plaintiff's argument is that the defendant's motion to dismiss should not have been granted with-

out affording him the opportunity to amend his appeal to allege additional facts or to have an evidentiary hearing on the defendant's motion which would, in his view, establish facts necessary for aggrievement.

The plaintiff relies on *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 429 A.2d 967 (1980), and *Baskin's Appeal from Probate,* 194 Conn. 635, 484 A.2d 934 (1984), as support for his claim that the trial court should have held an evidentiary hearing on whether he was aggrieved, and that if his pleading could have been amended to state a cause of action, the dismissal by the trial court was improper.

The questions to be determined in Probate Court appeals involving aggrievement are whether a plaintiff has a legally protected interest and whether the action of the Probate Court had an adverse effect on that interest. *Bucholz's Appeal from Probate,* 9 Conn. App. 413, 416, 519 A.2d 615 (1987). The plaintiff has no legally protected interest in the estate of Lena Doyle solely by virtue of his blood relationship to her as her grandson or because of any putative inheritance which may come to him, after her death, by will or intestacy. Id., 418.

The plaintiff claims, however, that even if he has no aggrievement as an heir at law, beneficiary, or the natural object of the ward's bounty, he is, nevertheless, aggrieved because of the facts he could have alleged or could have proven at an evidentiary hearing had one been held by the trial court. *Merrimac* held that a bidder on real property offered for sale by an estate suffers aggrievement when the executors of the estate voluntarily sought approval from the Probate Court of the sale of the real estate and on their invitation the plaintiff attended a hearing on their application in order to give the plaintiff the opportunity to submit a higher offer to buy. The hearing in that case was continued

to a later time, but subsequently advanced to an earlier hour without knowledge of the plaintiff. The Probate Court then approved the sale to the first and lower bidder. In that case, the subject matter of the decree was the real estate to be sold. In this case, the subject matter of the decree was the propriety of a suit to be instituted against the plaintiff. Even without the decree, however, the defendant in this case could have brought suit. *Kleinman* v. *Marshall,* supra. Thus, the plaintiff cannot claim aggrievement because the Probate Court granted the defendant's request.

There is no allegation in the record here or a claim by the plaintiff that a hearing was continued over the objection of the plaintiff or that the plaintiff objected to the closing of the hearing by the Probate Court. The plaintiff received adequate notice of the hearing and, in fact, participated in it. The salient factor in *Merrimac* for its finding of aggrievement was that the plaintiff was denied a fair procedure in accordance with basic principles of due process. Furthermore, the court noted that General Statutes § 45-238, which was voluntarily invoked by the defendant in that case, required public notice of the hearing on the application for court approval of the sale. That statute contemplates an open and fair sale, and the executors, having voluntarily invoked it, and having invited the plaintiff to bid, conferred upon the plaintiff in *Merrimac* the right to offer to purchase the real estate, and to due process of law in the Probate Court.

In *Baskin's Appeal from Probate,* supra, the court determined that if a pleading could have been amended to assert a cognizable cause of action, an appeal from probate should not be dismissed. The decisional underpinnings of *Baskin's Appeal* rest on *Prince* v. *Sheffield,* 158 Conn. 286, 259 A.2d 621 (1969). The latter case held that an appeal from probate to the Superior Court is a de novo proceeding which is not limited to the

claims raised in the Probate Court, therefore allowing an appellant to present any evidence in the Superior Court which could have been offered in the Probate Court, whether it was offered or not.

In the present case, the plaintiff's "Reasons for Appeal" included his alleged lack of due process at the hearing in the Probate Court on the defendant's motion for permission, including the absence of Lena Doyle at that hearing. The lack of due process is not otherwise particularized. He also claims a protected property interest in the real estate involved, that no justiciable controversy was involved in the motion, and that the authorization of expenditures for the suit against him was contrary to the "express direction, wishes and desire of Lena K. Doyle." None of these alleged reasons is sufficient to assert the aggrievement necessary for a cause of action.

A guardian ad litem for Lena Doyle testified at the Probate Court hearing that a suit to inquire into the circumstances of the conveyance to the plaintiff was in Lena Doyle's best interest. Once a conservator had been appointed for Lena Doyle, upon the finding by the Probate Court that she was unable to understand financial decisions as of the date of the appointment of a conservator for her, and no appeal was taken, her own testimony at a hearing relating to a financial decision would be incompetent and irrelevant. *Kleinman* v. *Marshall,* supra. Whether such a suit was in accord with the wishes, direction or desire of Lena Doyle, therefore, did not matter. Id. The purpose of the probate hearing was to determine if there was probable cause for a suit to set aside the real estate conveyance. The plaintiff had no protected property interest in the suit which could be affected by the Probate Court. Any divestment of his property interest could only be accomplished by the act of a court of general jurisdiction. *Ramsdell* v. *Union Trust Co.,* supra. The justiciable con-

troversy in the Probate Court was merely whether there was probable cause to institute a lawsuit, and whether assets of the estate should be expended for it.

In addition to the reasons for appeal which the plaintiff did allege, the plaintiff claims, in his briefs in this court and in the trial court, that the trial court should have considered the fact that a lawsuit against him had been initiated in the interval between the closing of the hearing and the decision of the Probate Court made later that same day. He also claims that he was made a party to the motion for permission, after notice to him that his interests might be affected by the motion. Finally, he claims that he had been informed by the Probate Court prior to the hearing that it would be informal and would only establish the jurisdiction of the court to decide the motion, and that a later formal hearing would be held, at which witnesses, such as Lena Doyle, could be present. None of these facts, even if presented and considered by the trial court at an evidentiary hearing, would have established the requisite aggrievement for an appeal by the plaintiff.

Whether a lawsuit was instituted after the hearing cannot change the fact that aggrievement did not exist. The plaintiff was not aggrieved because he has no present interest in the estate of his living grandmother and because the Probate Court had no authority to divest him of the real estate he had acquired from his grandmother. The facts are unlike *Merrimac* because in that case the Probate Court could effectively cut off the ability of the plaintiff to acquire real estate by either failing to approve a sale to the plaintiff or by approving the sale to another. Moreoever, merely because the plaintiff in this case was given notice of the hearing and participated in the hearing in the Probate Court did not give him the jurisdictional prerequisite or standing to appeal from a decree of that court as an aggrieved person. Participation in a proceeding in a

Probate Court does not establish aggrievement. See *Zempsky's Appeal from Probate,* 6 Conn. App. 521, 506 A.2d 1050 (1986); *Graham* v. *Estate of Graham,* 2 Conn. App. 251, 477 A.2d 158, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984); *Urrate* v. *Izzillo,* 1 Conn. App. 17, 19, 467 A.2d 943 (1983).

The plaintiff does not allege or specifically claim any due process violation arising from the informal nature of the hearing on the motion for permission, other than the lack of testimony of Lena Doyle. As previously noted, such testimony, even if favorable to the plaintiff, would not have changed the lack of aggrievement of the plaintiff.

Although the trial court erred in its conclusion that the Probate Court's action was not a decree or order, it correctly concluded that the plaintiff lacked aggrievement, and therefore had no standing to appeal under General Statutes § 45-288.

There is no error.

In this opinion the other judges concurred.