[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT
The appellant, Commissioner of the Department of Administrative Service for the State of Connecticut, has appealed from an order of the Probate court for the District of Bridgeport determining a claim against assets of the appellee estate. The Commissioner has now moved for summary judgment.
The decedent, Lorenzo Centeno, had been the recipient of Title XIX medical assistance payments during his hospitalization following a motor vehicle accident. After his death, his estate received the proceeds from the settlement of a civil action concerning the motor vehicle accident which resulted in his injuries and consequent death.
On July 12, 1989, the Commissioner filed a claim, under the provisions of General Statutes Section 17-83g, against the estate for $229,363.22. the amount of Title XIX medical payments.
General Statutes 17-83g reads, in pertinent part:
 SEC. 17-83g. STATE'S CLAIM ON DEATH OF BENEFICIARY OR PARENT OF BENEFICIARY.
 Upon . . . the death of any person who has at any time been a beneficiary of aid under this chapter, except as provided in subsection (b) of section 17-83e, the state shall have a claim against . . . such person's estate for all amounts paid on behalf of . . . or for the support of . . . such person under the provisions of this chapter for which the state has not been reimbursed, to the extent that the amount which the surviving spouse, parent or dependant children of the decedent would otherwise take from such estate is not needed for their support. In the case of any person dying after October 1, 1959, the claim for medical payments, even though such payments were made prior thereto, shall be restricted to medical disbursements actually made for care of such deceased beneficiary. Such claims shall have priority over all unsecured claims against such estate, except (1) expenses of last sickness not to exceed three hundred seventy-five dollars, (2) funeral and burial expenses in accordance with section 17-82i and (3) administrative expenses, including probate fees and taxes, and including fiduciary fees . . . .
On July 13, 1989, the administrator of the decedent's estate filed an application with the probate court for the District of Bridgeport for approval to settle the Commissioner's CT Page 432 claim. The administrator offered to settle the claim for $25,000.00, an amount representing fifty per cent of the proceeds from the civil cause of action and requested the probate court to authorize him to compromise and settle the Commissioner's doubtful and disputed claim in this amount.
The administrator asserted that the state's claim should be determined under the provision of General Statutes Section 17-83f. That statute reads in pertinent part as:
 17-83f. STATE'S CLAIM AGAINST PROCEEDS OF CAUSE OF ACTION. ASSIGNMENT OF INTEREST IN ESTATE TO THE STATE (a) In cases of causes of action of beneficiaries of aid under this chapter, subject to subsections (b) and (c) of section 17-83e, . . . the claim of the state shall be a lien against the proceeds therefrom in the amount of-the assistance paid or fifty per cent of the proceeds received by such beneficiary;. . . after payment of all expenses connected with the cause of action, whichever is less, for repayment under section 17-83e, and shall have priority over all other claims except attorney's fees for said causes, expenses of suit, costs of hospitalization connected with the cause of action by whomever paid over and above hospital insurance or other such benefits, and, for such period of hospitalization as was not paid for by the state, physicians' fees for services during any such period as are connected with the cause of action over and above medical insurance or other such benefits; and such claim shall consist of the total assistance repayment for which claim may be made under the provisions of this chapter.
There is no evidence nor any allegation that the Commissioner agreed to settle its claim for this amount.
On August 7, 1989, the probate court ordered the application to be heard and determined by that court. On December 11, 1989, the probate court entered an order and decree, determining that the estate was liable to reimburse the state for $25,000.00, or one-half the proceeds or the suit, pursuant to General Statutes Section 17-83f, as claimed by the administrator, rather than for reimbursement of the net proceeds of the compromised civil suit under the provisions of General statutes Section 17-83g, as claimed by the Commissioner.
The Commissioner, claiming aggrievement, has filed this appeal from the probate courts' order. The Commissioner maintains that General Statutes Section 17-83g was the CT Page 433 applicable law for the Commissioner's claim against the estate and that the probate court's erroneous application of Section 17-83f to this claim has diminished the value of the estate available to pay this creditor's claim.
The Commissioner now moves for summary judgment on the ground that the probate court had no authority to adjudicate the title of the estate's assets by determining which was the applicable statute that governed the state's claim.
The Commissioner claims that the probate court has limited jurisdiction. The probate court is permitted under General Statutes Section 45-231 to approve the settlement of disputed claims. The section sets forth the procedure for the fiduciary of an estate to resolve a dispute concerning an estate's assets. However, the Commissioner claims the statute does not permit the probate court to order a fiduciary to compromise and settle a disputed claim by determining the title to such assets. Because the parties are in dispute over the applicable statute, the Commissioner maintains that the probate court lacked the authority to adjudicate title to the estate's assets by determining that General Statutes Section 17-83f applied rather than Section 17-83g. The Commissioner claims that determination of title to assets can only be done by a court exercising full legal and equitable powers, that is, the superior court.
The appellee concedes that the probate court is one of limited, statutorily-defined jurisdiction, but counters with the argument that General Statutes Section 42-230m empowers the probate court to resolve disputed claims whenever such claims have been rejected by an estate's fiduciary. The appellee maintains that it was necessary for the probate court to determine which statutory section applied to the Commissioner's claim in order for it to resolve the claim and settle the estate. The appellee further argues that General Statutes Section 45-230n also supports the probate court's action by mandating an order of preference for certain claims against an estate. That statute lists claims resulting from a decedent's last illness as third in order of preference, and the appellee maintains that the comatose condition of the injured Lorenzo Centeno, preceding his death, constituted the last illness of this decedent. Therefore, the appellee argues that the probate court had an explicit statutory duty to resolve this particular claim.
 I
"The provisions of General Statutes Sec. 45-288 enable `any person aggrieved by any order, denial or decree' of a Probate Court to appeal to the Superior Court." Doyle v. Reardon, CT Page 43411 Conn. App. 297, 300, 527 A.2d 260 (1987). "An appeal from a Probate Court to the Superior Court is not an ordinary civil action." Kerin v. Strangle, 209 Conn. 260, 263, 550 A.2d 1069
(1988). [Citations omitted]. "In ruling on a probate appeal, the Superior Court exercises the powers not of a constitutional court of general or common law jurisdiction, but of a Probate Court." Id. at 264 [Citations omitted]. "The appeal brings to the Superior Court only the order appealed from. . . . The Superior Court may not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. . . . The Superior Court cannot enlarge the scope of the appeal. . . . As to the order or decree appealed from, the jurisdiction of the Superior Court is coextensive with that of the Probate Court in the first instance." Silverstein's Appeal from Probate, 13 Conn. App. 45, 54, 534 A.2d 1223 (1987) [Citations omitted].
The sole issue before this court is did the probate court exceed its authority in determining that General Statutes Section 17-83f applied to the disposition of the proceeds from the civil suit, thereby limiting the state to fifty per cent of the assets of the estate, rather than General Statutes Section 17-83g as claimed by the Commissioner, which latter statute would entitle the state to substantially all of the net assets.
 II
The appellee's memorandum claims that the "Probate Court is empowered to resolve disputed claims against estates whenever such claims have been rejected in whole or in part by the fiduciary of the estate. Conn. Gen. Stat. Section 45-230m. The state submitted such a claim to the fiduciary of the estate on July 11, 1989. . . . On July 13, the fiduciary rejected this claim in part, submitting an application to compromise the claim to the Probate Court. . . . This application sought the Probate Court's resolution of this disputed claim by allowing that half of the assets would be available to settle the state's claim."
But, the probate court's decision could not have been entered pursuant to General Statutes Section 45-230m. That statute reads, in pertinent part as follows:
 Sec. 45-230m. HEARING ON REJECTED CLAIM BY PROBATE COURT OR COMMISSIONERS; COSTS. (a) Whenever a claim has been rejected, in whole or in part, as provided in section 45-230i, the person whose claim has been rejected may, within thirty days from and including the date of such rejection, make application to the court of probate to hear and decide such claim or, in the alternative, may apply to said court for the CT Page 435 appointment of one or more disinterested persons, at least one of whom shall be an attorney-at-law, admitted to practice in this state, to be a commissioner or commissioners to hear and decide such claim. . . . The court may, in its discretion, grant the application, hear and decide such claim if the application so requests or appoint such commissioner or commissioners to hear and decide such claim. The court shall notify the applicant and the fiduciary of its action granting or denying the application within fifteen days after the receipt of the application. (Emphasis supplied.)
In this case, the party whose claim had been rejected (the Commissioner) did not submit an application to the probate court for that court to hear and decide such claim, as authorized by this section.
Rather, the probate court records indicate that it was the administrator who, having rejected the Commissioner's claim, applied to the probate court to authorize the administrator to compromise and settle a disputed claim for a specified amount. When the probate court decided that General Statutes Section 17-83f applied to the state's claim rather than Section 17-83g, it was not acting incidentally to the statutory power conferred by General Statutes Section 45-230m.
The Commissioner is correct in asserting that the probate court was acting pursuant to General Statutes Section 45-231, which provides:
 SEC. 45-231. COMPROMISE AND SETTLEMENT OF CLAIMS. CONVEYANCE OF REAL PROPERTY. (a) Upon application by executors, guardians, conservators, administrators, trustees in insolvency and trustees appointed, or whose appointment has been approved, by the court of probate, the court may, after public not ice and hearing, authorize such fiduciaries to compromise and settle any doubtful or disputed claims or actions, or any appeal from probate in favor of or against the estates of persons represented by them.
 (b) In order to accomplish such compromise or settlement, the court may authorize the conveyance, with or without requiring a bond, of the whole or any part of, or any easement or other interest in, any real property situated in this state forming the part of the trust estate or owned by any such trustee, executor or administrator or owned by an deceased person, ward or incapable person for whom such CT Page 436 executor, guardian, conservator or administrator was appointed.
"A probate court has no power to make final determinations of title where title is disputed." Hartford National Bank Trust Co. v. Willard, 175 Conn. 372, 379, 398 A.2d 1186 (1978); Lenge v. Goldfarb, 168 Conn. 218, 221, 363 A.2d 110 (1971). However, Section 45-231 empowers the probate court to "order the settlement of disputed claims against the estate. . ." Pa. Palmer v. Hartford national Bank Trust Co., 160 Conn. 415, 431,279 A.2d 726 (1971). The statute is "broad enough to authorize the Court of Probate to approve a compromise settlement of all disputes between all parties in interest . . . ." Adams v. Link, 145 Conn. 634,642, 145 A.2d 753 (1958). "One of the main purposes of this provision is to protect a fiduciary in settling a disputed claim by enabling him to have his action approved in advance instead of leaving the matter to be determined when he presents his account for allowance." Griffin v. Sturges, 131 Conn. 471,480, 40 A.2d 758 (1944) [Citations omitted]. "[E]xecutors and administrators do not lack power to make such compromises without court authority" but they "may do so at the risk of being charged with any loss involved. . . . The purpose of the statute is to enable them to obviate this contingency by obtaining approval in advance." Mark's Appeal, 116 Conn. 58,66, 163 A. 600 (1932).
Clearly, Section 45-231 indicates that a probate court may only authorize the fiduciary to settle a disputed claim. The statute does not permit the probate court itself to resolve or settle the dispute.
This leads to the conclusion that the probate court acted outside the scope of any statutory authority when it adjudicated the right to the assets of the estate by determining which of the disputed statutes applied. It lacked jurisdiction to make such determination.
"[W]here the appeal is from an extrajurisdictional probate decree and does not automatically vacate that decree, the appropriate judgment in the Superior Court would seem to be one reversing or setting aside the decree appealed from." G. Wilhelm R. Folsom, Connecticut Estates Practice, Jurisdiction and Procedure, Sec. 32, p. 70 (1983).
Appellant's Motion for Summary Judgment is granted. The order and Decree of the probate court is vacated and set aside.
NIGRO, J. CT Page 437