[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 10, 1996
The appellee, Henry W. Pascarella is conservator of the estate of Betty S. Grossman, an incapable person. The appellant, Betty Lou Baker, is a daughter of the incapable, as well as conservator of the person. On September 12, 1995, the Greenwich Probate Court approved an interim accounting filed by Pascarella. Baker filed a motion for permission to take appeal of the approval dated October 9, 1995, and reasons for appeal on November 22, 1995. Pascarella filed a motion to dismiss on December 15, 1995, on the grounds that the court lacks subject matter jurisdiction over the appeal because Baker has not and cannot allege that she is aggrieved. Baker filed an objection on February 29, 1996, and Pascarella filed a reply memorandum on July 11, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." AmericanLaundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
"A trial court does not have subject matter jurisdiction to hear an appeal from probate unless the person seeking to be heard has standing." Kucej v. Kucej, 34 Conn. App. 579, 581, 642 A.2d 81
(1994). "In order for an appellant to have standing to appeal from an order or decree of the Probate Court, the appellant must be `aggrieved' by the court's decision." Id.; General Statutes § 45a-186; Erisoty's Appeal from Probate, 216 Conn. 514, 519,582 A.2d 760 (1990).
The motion for permission to appeal states that Baker is statutorily aggrieved by virtue of her right to receive notice of a hearing on the application of a conservator under General Statutes § 45a-649(a)(1)(B) and of the hearing on an annual accounting from the conservator under General Statutes §45a-655(c), and because the conservator railed to properly manage and account for the property of Mrs. Grossman, and Baker is a major beneficiary of Grossman's will. In her memorandum, Baker also argues that Judge Tobin, in a decision rendered on August 15, CT Page 6365 1995, decided the issue, and the decision is now law of the case.
"Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court." Kucej v. Kucej, supra.
Aggrievement falls within two categories, classical and statutory. Id. Classical aggrievement requires a finding that there is a legally protected interest that has been adversely affected, and that interest "is a direct interest in the subject matter of the decree from which the appeal is taken." Honan v.Greene, 37 Conn. App. 137, 144, 655 A.2d 274 (1995). The appellant is not classically aggrieved. In a conservatorship proceeding, the court has held that there is "no legally protected interest in the estate of [the incapable] solely by virtue of [the appellant's] blood relationship to her as her grandson or because of any putative inheritance which may come to him, after her death, by will or intestacy." Doyle v. Reardon, 11 Conn. App. 297,304, 527 A.2d 260 (1987).
"Statutory aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case." Honan v. Greene, supra, 37 Conn. App. 145. "A statute need not specifically provide that certain persons come within its protection in order to establish aggrievement as long as that protection may be implied fairly." Herzog Foundation, Inc. v.University of Bridgeport, 41 Conn. App. 790 (1996). Statutory aggrievement "merely requires a claim of injury to an interest that is protected by statute." Kucej v. Kucej, supra.
The first issue is whether the decision in the Probate Court, August 15, 1995, Tobin, J., is the law of the case. The issue before Judge Tobin whether to permit Baker to issue subpoenas and take the deposition of Pascarella before the hearing on the account. Judge Tobin first discussed whether Baker had standing to participate in the proceeding in the probate court. Judge Tobin found that "it seems likely that Baker would be found to be statutorily aggrieved . . . She is therefore entitled to be heard and to present claimed [sic] and defenses. The protection of those rights requires the right of appeal. Therefore it is apparent that Baker cannot be precluded from participation in the proceedings for lack of standing." The opinion notes that standing and aggrievement are not the same. Judge Tobin then CT Page 6366 ruled that Baker could not obtain the discovery. Judge Tobin's comments on whether Baker is statutorily aggrieved is dicta as aggrievement for purposes of appeal was not before him, but was used for the purpose of analysis on the standing issue. Accordingly, it is not the law of the case.
Baker argues, and Judge Tobin accepted the argument, that since she is statutorily entitled to notice, she is entitled to be present and to be heard at the Probate Court hearing. This entitlement would be meaningless if she could not appeal the ruling of the court. Judge Tobin reasoned, furthermore, that recent decisions by the appellate court signal an extension of the concept of statutory aggrievement. Pascarella argues that Baker cannot and has not alleged any adverse affect from the Probate Court order, there is no statute that permits her to appeal the order, and mere presence at a hearing does not give rise to aggrievement.
General Statutes § 45a-655(c) provides that the court may, or at the request of any interested party shall require annual accounting from the conservator "and the court shall hold a hearing on any such account with notice to all persons entitled to notice under section 45a-649." General Statutes § 45a-649
provides that notice shall be made to the respondent the respondent's spouse, and if there is none, "to the children of the respondent and if none, the parents of the respondent and if none, the brothers and sisters of the respondent or their representatives, and if none, the next of kin of such respondent." The purpose of the accounting is to provide interested parties with full information regarding the contents of the estate and the nature of its administration. 2 Locke 
Kohn, Connecticut Probate Practice § 558 (1951).
There is no statute addressing who can appeal the approval of an accounting, and there is no case law directly on point. The case with language most on point is Doyle v. Reardon, supra,11 Conn. App. 297. The court held, "merely because the plaintiff in this case was given notice of the hearing and participated in the hearing in the Probate Court did not give him the jurisdictional prerequisite or standing to appeal from a decree of that court as an aggrieved person. Participation in a proceeding in a Probate Court does not establish aggrievement." Doyle v. Reardon, supra,
307. The appellant, a grandchild of the incapable, was appealing a decision by the Probate Court to authorize an expenditure of legal fees by the conservator of the estate to challenge a CT Page 6367 transfer of property that occurred between the appellant and his grandmother before she was declared incapable. A hearing was held on the motion for authorization, and the appellant was given notice of the hearing. Furthermore, the court in Graham v. Estateof Graham, 2 Conn. App. 251, 253, 477 A.2d 251, 477 A.2d 158, cert. denied 194 Conn. 805, 482 A.2d 710 (1984), held that notice of a probate hearing is not a right to participate in the hearing, rather it is "entirely discretional whether the plaintiff should be allowed to participate in the proceedings." The hearing was a final accounting of a conservatorship which ended because it was found that respondent's capacity had been restored. On the other hand, as discussed by Judge Tobin, recent decisions signal an openness by the Appellate Court to claims of statutory aggrievement. In Kucej v. Kucej, supra, 34 Conn. App. 581-83, the court permitted an heir at law to appeal from the appointment of an administrator. The statute at issue gives `any heir' the right to object to such an appointment, General Statutes § 45a-303(c), and the court reasoned that in order for the right to be protected, an appeal from the court's decision must be available. Id. The other two cases cited and discussed by Judge Tobin, Buchholz's Appeal, 9 Conn. App. 413,423-4, 519 A.2d 615 (1987), and Honan v. Greene, supra, 37 Conn. App. 145, involve, respectively, appeals from the appointment of a guardian and a conservator. In both of these cases statutes expressly gave the appellants the right to apply for the appointment, and the courts reasoned that in order to protect that right, an appeal must be permitted. Furthermore, the Doyle
case can be distinguished because the court also held that the Probate Court action was not an "order, denial or decree," and the court did not discuss whether there was a statutory requirement for the notice. Doyle v. Reardon, supra, 11 Conn. App. 297.
On the other hand, while statutory aggrievement may be implied from a statute, in this case the reasoning requires the court to take a step beyond the cases cited by Baker. InBuchholz's, supra, 9 Conn. App. 423-4, and Honan, supra,37 Conn. App. 145, the appellants had statutory permission to file for the appointments, and they appealed the denial of the request. The appellants appealed a right conferred on them by statute. In Honan, the statute expressly gave the appellant the right to object and he appealed based on that right. In the case at hand the statute permits notice, and an appeal of that right would challenge whether or not the appellant received notice. To appeal the order that arose from the hearing of which the appellant had notice requires an extra step beyond the cases CT Page 6368 cited by Baker.
This court finds that the appellant is statutorily aggrieved by the decision of the probate court, and accordingly denies the motion to dismiss. The language in the opinions cited by Judge Tobin demonstrates a willingness on the part of the courts to recognize statutory aggrievement in probate proceedings. The statute mandates that the appellant receive notice, and the opportunity to be present and to participate in the probate court hearing would be meaningless without the ability to appeal the result of the hearings.
KARAZIN, J.