[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The plaintiff-appellant, Thomas R. Evans, brings this appeal against the defendants-appellees, the estate of Julia M. Simaitis and Richard W. Perkett, from the decree of the Probate Court, ordering the sale of real estate located at 311 Hebron Avenue, Glastonbury, Connecticut to Richard Perkett. The defendants have moved to dismiss on the grounds that Evans is not a "person aggrieved" within the meaning of General Statutes §45a-186(a) and that the court therefore lacks subject matter jurisdiction.
The following facts are undisputed. Julia M. Simaitis owned real estate located at 311 Hebron Avenue, Glastonbury, Connecticut. Evans owns the abutting property at 295 Hebron Avenue. On September 27, 1997, Simaitis died. Her will was then admitted to probate for administration and distribution. On May 16, 1998, Evans made a written offer of $135,000 to purchase 311 Hebron Avenue, subject to inspection and mortgage contingencies. The offer was rejected On August 3, 1998, Perkett submitted an CT Page 7982 offer of $139,000, which included certain zoning contingencies. On August 5, 1998, Perkett and the administrator of the estate executed a purchase and sale agreement subject to the approval of the Probate Court. Two months later, on October 12, 1998, Evans submitted an offer of $135,000 subject only to a mortgage contingency.
The defendants filed an application for the sale of real property with the Glastonbury Probate Court on October 23, 1998 to consider Perkett's offer. Evans received notice of and attended the probate hearing, which was held on November 12, 1998. At that time, the Probate Court allowed Perkett to eliminate the zoning contingencies. Although Evans was allowed to address the application before the court at the November 12, 1998 hearing, the court did not afford him an opportunity to amend his offer. The Probate Court ultimately ordered the administrator to sell the property to Perkett for $139,000, without the original zoning contingencies.[1]
Evans brought this appeal to the Superior Court pursuant to General Statutes § 45a-186(a), alleging that he was aggrieved by the order and decree of the court because "the proceedings did not afford him the same opportunity afforded to Perkett which was to amend his bid. . . ." Motion for Appeal from Probate, ¶ 12. Therefore, Evans alleges that he was denied "his right to offer to purchase the property and [denied] . . . due process of law in the Court approving the sale." Id. Moreover, Evans claims that he is aggrieved because the "proceedings on the application were unfair for the following reasons: (1) there was an abuse of discretion in allowing one bid to be amended and not to allow others, in particular the subscriber's [Evans']; (2) the nature of the proceedings violated the subscriber's right to a fair hearing and due process; (3) there was an abuse of the fiduciary's duty in falling to ascertain the best offer in the best interest of the estate; (4) the Court hearing deviated from the duly noticed application that was before it; and, (5) the Court proceeded on a matter that was not properly before it." Id., ¶ 13. The defendants have moved to dismiss Evans' appeal on the ground that he is not a "person aggrieved" under General Statutes § 45a-186(a), and consequently, this court lacks subject matter jurisdiction.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31; see also Sadloski v. Manchester, 235 Conn. 637, CT Page 7983 645-46 n. 13, 668 A.2d 1314 (1995). "A motion to dismiss. properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994). Moreover, "[a] motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Malasky v. Metal Products Corp. , 44 Conn. App. 446,451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539
(1997). However, if there is a disputed issue of material fact, which cannot be decided solely on the submitted affidavits, then an evidentiary hearing is required. See Garden Mutual BenefitAssn. v. Levy, 37 Conn. Sup. 790, 791-92, 437 A.2d 141 (App. Sess. 1981). Although the affidavits submitted by the parties reflect some disagreement as to what was said in the course of the probate hearing on November 12, 1998, the court finds that any facts in dispute are not material to the issue of aggrievement.
General Statutes § 45a-186(a) states, in pertinent part, that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the superior" General Statutes § 45a-186(a). "Aggrievement is a jurisdictional necessity, without which the Superior Court cannot hear the appeal, and the action is void." Hartford Kosher Caterers, Inc.v. Gazda, 165 Conn. 478, 483, 338 A.2d 497 (1973). "A person who seeks to appeal from an order of the Probate Court must set forth in his motion for appeal (1) the interest of the appellant in the subject matter of the decree or order appealed from or in the estate;, and (2) the adverse effect of the decree or order on that interest." (Citation omitted.) Merrimac Associates, Inc. v.DiSesa, 180 Conn. 511, 516, 429 A.2d 967 (1980).
The defendants assert that Evans failed to state facts supporting his claim of "aggrievement" or "interest" in the real estate within his motion for appeal. They further maintain that Evans must have "some extra relationship," which is "more than [just] a disappointed bidder" in order to be a person aggrieved within the meaning of General Statutes § 45a-186(a). They CT Page 7984 distinguish Merrimac Associates, Inc. v. DiSesa and other cases relied on by Evans in support of his claim of procedural "aggrievement," by pointing out that Evans attended and had every opportunity to participate in the probate hearing, but failed to do so, and that the hearing was not procedurally flawed.
In Merrimac Associates, Inc. v. DiSesa, the Supreme Court expanded the definition of "aggrievement" under General Statutes § 45-288 (now § 45a-1 86(a)) to include bidders on property of an estate who are injured because of the procedure employed by the Probate Court to approve the sale. MerrimacAssociates, Inc. v. DiSesa, supra, 180 Conn. 517-18. In Merrimac, the Probate Court set a hearing date to consider the defendant's application for approval of the purchase and sale agreement for the decedent's property. The defendant invited the plaintiff by letter to attend the hearing, which informed him that the best offer would be accepted. Id., 513-14. After reaching a tentative agreement at the hearing, the court continued the hearing to allow for further negotiations between the plaintiff and the executors. On the day of the continuance, however, the acting judge advanced the time to one and a half hours before the scheduled time. Although the plaintiffs attorney stalled the advancement for half of an hour, the hearing started prior to the arrival of the plaintiff. The judge accepted a different, lower offer. As luck would have it, the plaintiff arrived as soon as the deal had closed. The plaintiff appealed. Id., 513-15.
The Superior Court, following the established rule that a disappointed bidder lacks standing to appeal, concluded that the plaintiff was not aggrieved. The plaintiff then appealed to the Supreme Court to determine whether he, as a bidder, was aggrieved because of the procedure employed by the Probate Court in approving the sale of the decedent's real estate. Id., 515-16.
Concluding that the plaintiff was aggrieved, the Supreme Court stated that "aggrievement," based upon "a pecuniary interest is too narrow a test to apply to appeals of probate." Id., 516. The court determined that "[i]nstead, the existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected." (Internal quotation marks omitted.) Id., 516. Moreover, the court opined, "it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." CT Page 7985 Id., 516-17.
The Supreme Court also clearly stated what it had previously implied in Hartford Kosher Caterers, Inc. v. Gazda, supra, that the language that "the only persons who are affected [or aggrieved] . . . are those to whom the estate will be distributed, or creditors if the estate is insolvent is far too narrow." (Emphasis added; internal quotation marks omitted.) MerrimacAssociates, Inc. v. DiSesa, supra, 180 Conn. 517. It then expanded the rule by stating that "[w]hile one who bids upon the property of an estate offered for sale has no interest in the property itself, he does have an interest in the proceedings employed by the court to approve the sale." Id., 517-18. The Court determined that the plaintiff in this instance was aggrieved because he was invited by the executors of the estate to bid on the property. Additionally, the plaintiff attended the hearing and submitted an offer because the executors indicated that they would accept the best offer at that time. Because the court continued the hearing "to permit further negotiations between the plaintiff and the defendants," the plaintiff gained an interest in the proceedings, and "was entitled to a fair procedure in the court in accordance with basic principles of due process.' Id., 518; see also Bishop v. Bordonaro,20 Conn. App. 58, 60 61, 563 A.2d 1049
(1989) (determining that plaintiff had standing in bidder case where signed contract existed); Schoolhouse Conn, v. Olyphant, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 548274 (August 25, 1995, Mulcahy, J.) (15 Conn. L. Rptr. 46) (concluding that oral agreement was sufficient to convey procedural interest in bidder case).
In a similar case, Doyle v. Reardon, 11 Conn. App. 297,305-06, 527 A.2d 260 (1987), the Appellate Court explained the reasoning in Merrimac Associates, Inc. v. DiSesa and held that a plaintiff lacked standing to appeal because he had an opportunity to participate in the court proceedings. In Doyle, the Probate Court appointed a conservator to investigate a transfer of real estate to the plaintiff that occurred prior to the real estate owner's incapacity. The Probate Court, acting on the conservator's application to begin suit and employ counsel to investigate the circumstances and validity of the transfer, held a hearing on the motion and determined that the conservator should be allowed to proceed. The plaintiff appealed the Probate Court's decision to the Superior Court, claiming that he was not given his federal constitutional due process rights at the CT Page 7986 hearing and that an evidentiary hearing was needed to determine the defendant's motion to dismiss. In turn, the Superior Court determined that the plaintiff was not aggrieved by the Probate Court's decision. The plaintiff appealed to the Appellate Court, claiming that the proceeding was flawed procedurally because an evidentiary hearing should have been held to determine the issue. See Doyle v. Reardon, supra, 11 Conn. App. 299-300.
In affirming the Superior Court's decision, the Appellate Court stated that "[t]here is no allegation in the record here or claim by the plaintiff that a hearing was continued over the objection of the plaintiff or that the plaintiff objected to the closing of the hearing by the Probate Court." Id., 305. "The salient factor in Merrimac for its finding of aggrievement," the court highlighted, "was that the plaintiff was denied a fair procedure in accordance with basic principles of due process." Id. Here, "[t]he plaintiff received adequate notice of the hearing and, in fact, participated in it." Id. Moreover, the court determined that the plaintiff failed to particularize his allegations for aggrievement and, as a result, the Appellate Court could not find sufficient facts to support his appeal. Id., 306.
In the present case, Evans has not asserted a "legally protected interest" that has been adversely affected by the Probate Court's procedure. At a minimum, "the existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty" that the disappointed bidder had some legally protected interest in the subject matter of the decree. Merrimac Associates, Inc. v. DiSesa, supra,180 Conn. 516; see Bishop v. Bordonaro, supra, 20 Conn. App. 60-61Schoolhouse Corp. v. Olyphant, supra, 15 Conn. L. Rptr. 46; See also Heller's Appeal from Probate, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 096839 (April 10, 1989, Fuller, J) (finding no aggrievement because "conservators never entered into a contract to sell to [plaintiff], and never even accepted verbally any of his offers"). Here, Evans had no possibility of a legally protected interest in the proceedings. He did not have a contract, either oral or written. Moreover, the Probate Court did not order the administrator to negotiate with Evans concerning a prospective deal. On the contrary, the administrator had already rejected Evans' original offer, and had accepted Perkett's offer prior to the submission of Evans' second offer. Finally, Perkett and the administrator of the estate had a valid purchase and sale CT Page 7987 agreement signed prior to the submission of Evans' second offer.
Evans also maintains that he was injured because "the Court did not allow the subscriber the opportunity to amend his October 12, 1998 offer" and that he was ignored at the Probate Court proceedings. Motion for Appeal from Probate, ¶ 11; Memorandum in Support of Objection to Motion to Dismiss, p. 12. However, as inDoyle v. Reardon, Evans had an opportunity to participate at the November 12, 1998 hearing. Evans admits that he addressed the Probate Court at the beginning of the hearing, in which he told the court of his original $135,000 offer. At this point, he could have told the Probate Court that he wanted to submit another bid of $139,900, but did not. Although Evans claims that he told the lawyer for one of the beneficiaries of his willingness to submit a new offer before the hearing, he never communicated either the offer or his willingness to submit such an offer either to the administrator or to the court.
Evans further maintains that he was aggrieved by the Probate Court proceedings because, rather than approving Perkett's August, 1998 offer unchanged, the court instead allowed Perkett to remove "all conditions and contingencies," which "effectively became a new offer." Memorandum in Support of Objection to Motion to Dismiss, p. 11. Evans argues that as a result, the court's procedure was flawed and that the bidding process, at that time, began anew. This argument is without merit. Perkett and the executor signed a purchase and sale agreement on August 5, 1998, indicating their intent to be bound to it only "subject to the Probate Court's approval." In fact, the seller initialed the zoning contingency paragraph, which illustrated his intent to be bound by it subject to the determination and approval of the Probate Court. Perkett elected to withdraw his zoning contingencies, thus eliminating the need for the Probate Court to determine and approve that issue at the November 12, 1998 hearing. Perkett is the only party affected by this waiver because he intentionally relinquished a right under the contract. Because all of the material terms and conditions of the contract were embodied in the purchase and sale agreement and the parties agreed to be bound by its terms, Evans cannot claim that the elimination of the zoning contingency constituted a new offer and that he was aggrieved by the procedure of the Probate Court.
Under all the circumstances, the court finds that Evans is not a "person aggrieved" within the meaning of § 45a-186(a) of the General Statutes. Without this standing, the court has no CT Page 7988 jurisdiction over the subject matter of this appeal. Accordingly, the motion to dismiss is granted.
Peck, J.