[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14879
The defendants, William H. Geer and Irene B. Geer, move to dismiss this appeal from the probate court ordered denying his removal as conservator on the ground that the trial court lacks subject matter jurisdiction. Specifically, the defendants argue that the plaintiffs were not aggrieved by a decree of the probate court, nor did the plaintiffs allege aggrievement properly. The defendants filed their motion to dismiss on September 20, 1999.
William H. Geer is the son of Irene B. Geer, and both individuals are defendants in the instant case. The plaintiffs, Wanda Geer Thornton and Denise Halverson Pastor, are the daughter and granddaughter, respectively, of Irene Geer. The Salisbury Probate Court appointed William Geer voluntary conservator of Irene Geer's estate on April 8, 1998. The plaintiffs moved, pursuant to General Statutes § 45a-242 (a), for removal of Geer as voluntary conservator on March 31, 1999.[1] The plaintiffs claimed that "there exists an inherent conflict of interests in [the defendant's] capacity as conservator of the estate and as an heir to the estate of Irene B. Geer." (Plaintiffs' Appeal, ¶ 15, p. 4)
The defendants commenced a lawsuit against the plaintiffs in the Fairfield Superior Court on June 1, 1999, based on the alleged financial mismanagement of Irene Geer's assets by the plaintiffs and the plaintiffs' undue influence on Irene Geer. Through their lawsuit, the defendants seek to set aside a conveyance of property in Stratford from Irene Geer to the plaintiffs on January 9, 1998. The plaintiffs argue that they own the property as a result of a valid conveyance and the defendants' lawsuit depletes the estate's assets through unnecessary litigation. That lawsuit is still pending.
The Salisbury Probate Court denied the plaintiffs' motion to remove William Geer as voluntary conservator on June 15, 1999. The plaintiffs moved to appeal the probate court's decision on July 28, 1999. The defendants moved to dismiss the plaintiffs' probate appeal on September 20, 1999. The plaintiffs filed an objection to the motion to dismiss on October 7, 1999.
"The motion to dismiss shall be used to assert . . . jurisdiction over the subject matter. . . ." Practice Book §10-31(a)(1). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily CT Page 14880 implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998)
"Because the right to appeal is statutorily conferred by [General Statutes § 45a-186,] the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." Baskin's Appealfrom Probate, 194 Conn. 635, 637, 484 A.2d 934 (1984) "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." (Internal quotation marks omitted.) Erisoty's Appeal fromProbate, 216 Conn. 514, 519, 582 A.2d 821 (1990)
The plaintiffs assert that General Statutes § 45a-242
applies to them because they are the daughter and the granddaughter of Irene Geer and that they satisfy the "any person interested" portion of the statute. The defendants maintain that the plaintiffs have not been adversely affected by the probate court's denial of the plaintiffs' request for the removal of William Geer.
General Statutes § 45a-242 may give the plaintiffs the right to move for removal of William Geer as voluntary conservator of Irene Geer's estate. The relevant inquiry, however, is whether the plaintiffs can bring an appeal in the Superior Court from the denial of their motion for removal.
General Statutes § 45a-186 (a) provides in pertinent part, "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court . . . ." "The questions to be determined in probate appeals with regard to aggrievement are (1) whether a plaintiff has a legally protected interest and (2) whether the action of the probate court had an adverse effect on that interest." Doyle v.Reardon, 11 Conn. App. 297, 304, 527 A.2d 260 (1987)
The plaintiffs assert that their relationship to Irene Geer and the fact that both are named in her will demonstrate that CT Page 14881 they were aggrieved. However, mere blood relationship is not sufficient to establish aggrievement. See Doyle v. Reardon,
supra, 11 Conn. App. 304 (holding plaintiff had no legally protected interest in an estate solely by virtue of blood relationship or because of any putative inheritance). In addition, the possibility that the party may be entitled to inherit from the ward does not constitute that person an aggrieved party. See Maloney v. Taplin, 154 Conn. 247, 250,224 A.2d 731 (1966); Doyle v. Reardon, supra.
Further, the defendant here was appointed conservator at the request of Irene Geer pursuant to General Statutes § 45a-646. Irene Geer has not notified the probate court to be released from this voluntary representation under § 45a-647. There is no finding of incapacity or disability of Irene Geer in the present record. In light of these facts, the court cannot find that either plaintiff has a legally protected interest that was adversely affected by the order denying the defendant's removal as a voluntary conservator.
The court finds that the plaintiffs were not aggrieved by the probate court's denial of their motion for removal. The defendants' motion to dismiss the plaintiffs' appeal from probate is granted.
So Ordered,
THE COURT
ALEXANDRA D. DIPENTIMA, J.