[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Arthur L. Feffer, has moved to dismiss this appeal from the Probate Court, District of Torrington on the ground that the trial court lacks subject matter jurisdiction. Specifically, the defendant argues that the plaintiff was not aggrieved by a decree of the Probate Court. The defendant filed his motion to dismiss on September 13, 2000, and the plaintiff filed her brief in opposition on September 27, 2000.
Lydia Olga Dangeleit died on October 29, 1999, at the age of 90. The defendant, Arthur L. Feffer was her brother and only surviving sibling of the decedent. He is the named executor and the sole beneficiary of the last will and testament of the decedent.
The plaintiff is the decedent's niece and had been given power of attorney by her aunt in 1996. On or about July 1998, the decedent created a joint bank account with the plaintiff at Peoples Bank, the proceeds of which are now in the plaintiff's possession.
On May 12, 2000, the Probate Court of the District of Torrington entered an order and decree admitting the decedent's will dated March 12, 1968, and approving the defendant, Arthur L. Feffer as fiduciary. The defendant has asserted a claim against the plaintiff for the proceeds of the joint bank account.
"The motion to dismiss shall be used to assert . . . jurisdiction over CT Page 12205 the subject matter . . . Practice Book § 10-31(a)(1). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
"Because the right to appeal from the decision of the Probate Court is statutorily conferred by [General Statutes § 45a-186,] the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." Baskin's Appealfrom Probate, 194 Conn. 635, 637, 484 A.2d 934 (1984). "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." (Internal quotation marks omitted; citations omitted.) Erisoty's Appeal fromProbate, 216 Conn. 514, 519, 582 A.2d 760 (1990).
The plaintiff's appeal is based on two factors: whether the Probate Court erred by accepting jurisdiction in Torrington, and by appointing Arthur Feffer as fiduciary. The plaintiff claims that she is aggrieved by virtue of the fact that she was an heir at law and she is a beneficiary of a joint bank account with the decedent, which may become the subject of litigation.
General Statutes § 45a-186(a) provides in pertinent part, "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court. . . ." "The questions to, be determined in Probate Court appeals involving to aggrievement are [1] whether a plaintiff has a legally protected interest and [2] whether the action of the probate court had an adverse effect on that interest." Doyle v.Reardon, 11 Conn. App. 297, 304, 527 A.2d 260 (1987).
The plaintiff has a legally protected interest in that she was the beneficiary of the gift of the decedent's substantial bank account. The defendant has indicated the intention of asserting a claim to that bank account on behalf of the estate. As such, the action of the Probate Court in appointing the defendant as the fiduciary has a possibility of an adverse effect on the plaintiff's interest in the bank account. Therefore, the plaintiff is aggrieved by the decision of the Probate Court.
CT Page 12206 Since the plaintiff is found to be aggrieved of the Probate Court Order, the defendant's Motion to Dismiss is denied.
Matasavage, J.